RIGID COMPONENT SYSTEMS, A CORPORATION, APPELLANT, v. NEBRASKA COMPONENT SYSTEMS, INC., AND UNITED STATES FIDELITY AND GUARANTY COMPANY, APPELLEES.

276 N. W. 2d 659

Filed March 20, 1979. Nos. 41894, 41897.

B. B. Bornhoft, for appellant.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee United States Fidelity And Guaranty Company.

Heard before BOSLAUGH, BRODKEY, and HASTINGS, JJ., and CASE and FUHRMAN, District Judges.

CASE, District Judge.

This action arises out of two separate actions in

two different counties by a nonresident corporation against a resident corporation and its surety on a performance bond. The parties, the issues, and counsel are identical in each action and by stipulation the cases were heard and ruled on at the same time in the lower court. The stipulation has been allowed in this court and both cases are controlled by our rulings herein.

The plaintiff-appellant, Rigid Component Systems, is a foreign corporation in the business of supplying building materials and the defendant-appellee, Nebraska Component Systems, Inc., was engaged in residential construction. The codefendant, United States Fidelity And Guaranty Company, was the surety on the performance bond of Nebraska Component Systems, Inc.

The defendant, Nebraska Component Systems, Inc., was dissolved as a corporation on August 3, 1976, and these actions were filed against the dissolved corporation and its surety on July 6, 1977, to recover for building materials furnished.

A pretrial motion was filed by the defendants to dismiss based upon an alleged failure of the plaintiff to secure a certificate of authority under the provisions of section 21-20,121, R. R. S. 1943, which provides in substance that a foreign corporation may not maintain an action in a Nebraska court arising out of the transaction of business in this state until it has secured a certificate of authority to transact business within the state. The lower court sustained the motion and dismissed plaintiff's petitions.

The plaintiff's position here presents the question of whether a foreign corporation not eligible to sue under the statute at the time the action is instituted can, after bringing it, maintain the action by complying with the terms of the statute.

We have not previously defined "maintain" as used in this statute. We find the following definitions: "A suit is deemed to be pending from the

time it is commenced until its final determination. To maintain a suit is to uphold, continue on foot, and keep from collapse, a suit already begun." 1 Am. Jur. 2d, Actions, § 91, p. 620.

The word "maintain" as applied to actions is further defined as to continue, to carry on, to support, as contradistinguished from to institute, the action that has already been brought. 54 C. J. S., Maintain, p. 902.

The verb "maintain" in pleading has a distinct, technical signification. It signifies to support what has already been brought into existence. California Savings & Loan Soc. v. Harris, 111 Cal. 133, 43 P. 525 (1896).

A like definition appears substantively in Black's Law Dictionary, (4th Ed.), p. 1105, and in Inn Operations, Inc. v. River Hills Motor Inn Co., 261 Iowa 72, 152 N. W. 2d 808 (1967). We adopt these definitions as being applicable to the statute in question.

The plaintiff alleges delivery of materials in December of 1975, and January and February of 1976. The petitions were filed in July of 1977, and the motions for dismissal were filed October 19, 1977.

The plaintiff contends it should have been given an opportunity to secure the certificates of authority during the course of litigation. The plaintiff made no request for additional time in which to comply and the record is devoid of any offering to procure the certificate up to and including hearing in this court.

The issue could have been resolved by the procuring of the certificate during the substantial period between filing and the adverse ruling or by domestication under the provisions of section 21-20,122, R. R. S. 1943.

We now hold that whenever the issue is raised and supported by proper proofs, the court may in its discretion limit the time for procuring a certificate or dismiss as was done here.

The ruling appealed from is correct and is hereby affirmed.

AFFIRMED.