REQUESTED BY: Senator Loran Schmit Nebraska State Legislature State Capitol, Room 1103 Lincoln, NE 68509
Dear Senator Schmit:
This is in response to your letter of March 8, 1985, concerning LB 552. Your question is whether LB 552 is constitutionally suspect as a result of the U.S. Supreme Court rulings in Miller Brothers Company v. Maryland, 347 U.S. 340
(1954) and National Bellas Hess v. Department of Revenueof the State of Illinois, 386 U.S. 753 (1967).
These two cases involved an attempt by states to hold out-of-state retailers, which did not actually conduct their business within those states, liable for collection and remittance of use taxes on goods purchased outside the states by those states' citizens. In the case of Bellas Hess
these sales were made solely through the mails. The court held that this was an impermissible burden on interstate commerce and a violation of due process.
Unlike the situations in these decisions, LB 552 does not impose a mandatory burden upon out-of-state retailers to collect and remit use taxes for the State of Nebraska. The original language of the bill would have only required an out-of-state retailer to supply a list of Nebraska customers to the Nebraska Department of Revenue for which it would reimburse the retailer. This may have been an impermissible attempt to extend the state's police power beyond the state's boundaries. 16 Am.Jur.2d, Constitutional Law § 383. The committee amendments to LB 552 made the remittance of such lists optional. Likewise, the committee amendments also allowed such out-of-state retailers the option to voluntarily become licensed to collect and remit Nebraska use tax. Since neither of these provisions are mandatory it is difficult to see how the state has imposed an undue burden on interstate commerce, such as the court found in the above cases.
The only real questions involve the attempted denial of access to the state's courts for collection of debts stemming from transactions between out-of-state retailers and citizens of Nebraska, where these out-of-state retailers chose not to comply with either of the two above-mentioned optional provisions of the law. We are unaware of any authority which would hold that such a provision would entail a burden on interstate commerce, but this result cannot be ruled out. Moreover, this may well be a violation of ArticleI, Section 13 of the Nebraska Constitution which provides that the courts of the state shall be open for every person, and in turn the privileges and immunities clause of the United States Constitution, Article IV, Section 2 which grants the same privileges to citizens of one state as afforded to citizens of another state. This includes the right of access to the courts for the purpose of bringing and maintaining actions. 16 Am.Jur.2d, Constitutional Law 730. Again, however, we are unable to find any case authority directly dealing with this issue.
Admittedly, foreign corporations not registered with the Secretary of State presently have a limited ability to maintain actions in the courts of the state pursuant to Neb.Rev.Stat. § 21-20,121 (Reissue 1983). See, Rigid ComponentSystems v. Nebraska Component Systems, Inc.,202 Neb. 658, 276 N.W.2d 659 (1979). This would, of course, include many of the out-of-state retailers to which this bill might apply. It should be noted, however, that this provision in LB 552 applies to all persons and not merely corporations. This constitutional issue would undoubtedly also be compounded by the fact that the prohibition against access to the courts would apply to credit card systems holding debts which may have arisen from transactions with out-of-state retailers, since such credit card systems may very well be citizens of the state, or otherwise have authority to conduct their business in Nebraska.
As noted in Anderson v. Tiemann, 182 Neb. 393, at 406-407, 155 N.W.2d 322 (1966),
 . . . the privileges and immunities clause is not an absolute. It does bar discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States. But it does not preclude the disparity of treatment in the many situations where there are perfectly valid independent reasons for it. Thus the inquiry in each case must be concerned with whether such reasons do exist and whether the degree of discrimination bears a close relation to them.
In this case the discrimination does not appear to be based solely on the fact that these out-of-state retailers are not citizens of Nebraska, but whether such a provision would be upheld is difficult to say. In short, this provision of the bill raises several constitutional questions for which there are no ready answers outside of a determination by the courts.
Sincerely,
ROBERT SPIRE Attorney General
John Boehm Assistant Attorney General