CHRISTIAN SERVICES, INC., A CORPORATION, APPELLANT, V. NORTHFIELD VILLA, INC., A CORPORATION, APPELLEE, GERING NATIONAL BANK & TRUST COMPANY, INTERVENOR-APPELLEE.
385 N.W.2d 904

Filed May 2, 1986.   No. 85-193.

Steven W. Olsen of Raymond, Olsen, Ediger & Ballew, P.C., for appellant.

Paul E. Hofmeister of Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellee Northfield Villa.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Plaintiff has appealed from a summary judgment in favor of the defendant, Northfield Villa, Inc., based on the incapacity of the plaintiff, a foreign corporation, to maintain a legal action in this state because of the lack of a certificate of authority. We affirm.

The original petition seeking damages in contract was filed on July 2, 1981, in which plaintiff alleged that it was a Missouri corporation. The petition contained no allegation that it possessed a certificate of authority to conduct business in Nebraska, as required by Neb. Rev. Stat. § 21-20,121 (Reissue 1983).

Successive answers filed by the defendant, Northfield, on September 16, 1981, September 29, 1983, and January 18, 1984, all admitted the allegation of the petition relating to plaintiff's characterization of itself as a Missouri corporation. However, on October 10, 1984, defendant filed a third amended answer in which, for the first time, paragraph 1 of the petition, alleging that plaintiff was a Missouri corporation, was denied. The trial court granted defendant leave to file this particular amended answer.

On October 18, 1984, defendant filed a motion for summary judgment, to which was attached a certain affidavit identifying certified copies of various records of the Secretaries of State of both Nebraska and Missouri, which were also received into evidence on the hearing on the motion for summary judgment. Those records disclose that although a certificate of authority to transact business in Nebraska had been issued, the corporation was dissolved on August 4, 1980, for nonpayment of corporate taxes. Additionally, it appears of record that the corporate status of the plaintiff had been forfeited under the laws of the State of Missouri as of January 1, 1983, for failure to file an annual report. There is no dispute as to those facts.

On November 13, 1984, plaintiff filed a motion to continue the hearing on defendant's motion for summary judgment. Certain evidence was received in support of the motion for summary judgment, and the court then sustained the motion for continuance and granted the plaintiff until December 31, 1984, to comply with the provisions of § 21-20,121 regarding a

certificate of authority.

Pursuant to order of the court, further hearing was set for January 9, 1985. At that time, and pursuant to request of the plaintiff's counsel, the hearing was continued to January 21, 1985. Additional evidence was received at that time, but there was nothing offered by the plaintiff in support of any showing that it possessed a certificate of authority to do business in Nebraska. Accordingly, upon submission of the cause to the court, the motion for summary judgment was sustained.

The plaintiff claims error on the part of the trial court in allowing the defendant to amend its pleadings and in granting defendant's motion for summary judgment.

Section 21-20,121 provides in part as follows: "No foreign corporation transacting business in this state without a certificate of authority . . . shall be permitted to maintain any action . . . in any court of this state, until such corporation shall have obtained a certificate of authority." The interpretation of this section as it applies to the pending case is determined by *Rigid Component Systems v. Nebraska Component Systems, Inc.*, 202 Neb. 658, 276 N.W.2d 659 (1979).

According to *Rigid Component Systems, supra*, objection to a nonauthorized corporation's maintaining a lawsuit may be raised at any time during the pendency of such litigation, and the court may, in its discretion, limit the time that the plaintiff can have for procuring the necessary certificate of authority. Here, the plaintiff was allowed in excess of 60 days to obtain the necessary proof, and when time ran out, it did not request any extension. There was no abuse of discretion on the part of the trial court.

The same may be said of the ruling by the district court granting defendant leave to file its third amended answer. Permission to amend pleadings is addressed to the sound discretion of the trial court, and absent an abuse of discretion, its decision will be affirmed. *First Nat. Bank v. Schroeder*, 218 Neb. 397, 355 N.W.2d 780 (1984).

The judgment of the district court is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.