**COASTAL LIQUIDS TRANSPORTATION, L.P., Petitioner,**

v.

**HARRIS COUNTY APPRAISAL DISTRICT, Respondent.**

No. 00–0173.

Supreme Court of Texas.

Argued Oct. 18, 2000.

Decided May 10, 2001.

Rehearing Overruled June 21, 2001.

William Ikard, Pop & Ikard, Austin, James E. (Buster) Brown, Law Office of James E. "Buster" Brown, Lake Jackson, William W. Kilgarlin, Popp & Ikard, Mark Stephen Hutcheson, Daniel R. Smith, Popp & Ikard, Austin, for Petitioner.

Mario L. Dell'Osso, Olson & Olson, Houston, for Respondent.

Justice ENOCH delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice OWEN, Justice BAKER, Justice ABBOTT, Justice HANKINSON, Justice O'NEILL, and Justice JEFFERSON joined.

This case began as a dispute over a property tax appraisal. Coastal Liquids Transportation, L.P., challenged the Har-

ris County Appraisal District's 1994 and 1995 appraisals of six underground salt dome storage caverns for ad valorem tax purposes. The trial court granted summary judgment for the District for tax year 1994, and for Coastal for tax year 1995. The court of appeals affirmed. However, before we can reach the merits of Coastal's challenge, we must determine whether Coastal has the capacity to bring this suit. If Coastal lacks capacity, we can go no further.

We conclude that Coastal lacks the capacity to maintain this lawsuit for 1994 or 1995 because it failed to prove it properly registered with the Secretary of State as a foreign limited partnership. Accordingly, we affirm the court of appeals' judgment for tax year 1994, reverse its judgment for tax year 1995, and render judgment that Coastal take nothing.

## I

## BACKGROUND

Coastal is a Delaware limited partnership formed on December 21, 1993. Without dispute, Coastal has been transacting business in Texas since that date. It is also undisputed that Coastal did not apply for registration as a foreign limited partnership with the Secretary of State's office until June 27, 1995, and that its application gave July 1, 1995 as the first date it intended to transact business in this state.

Coastal operates a natural gas fractionation facility in Harris County, where it receives and processes raw natural gas liquids. Coastal uses the six underground salt dome caverns at issue to store both the raw natural gas liquids and the subsequent processed products. The caverns are leased from Texas Brine Corporation, and Coastal is contractually obligated to pay all ad valorem taxes.

In 1994, for the first time the District listed the storage caverns separately on the tax rolls and appraised them separately from the surface land as "improvements." [1] In 1995, the District again separately listed and appraised the caverns. Coastal protested both appraisals before the Harris County Appraisal Review Board, a prerequisite to seeking judicial review. [2] The Board declined to appraise the caverns as part of the surface land. Dissatisfied with the Board's order, Coastal appealed to the district court.

Because the proceedings below are significant to our decision, we discuss them in some detail. Coastal's original petition in the district court challenged only the 1994 valuation. That petition alleged that Coastal was a limited partnership authorized to conduct business in Texas. The District answered with a general denial. Coastal subsequently amended its petition to add claims relating to the 1995 valuation. Coastal's second amended petition, involving both the 1994 and 1995 tax years, alleges that Coastal at all times owned and operated the storage caverns.

Both parties moved for summary judgment. The District's first summary judgment motion argued that Coastal had not registered as a limited partnership for 1994 and thus could not maintain an action for that year. Coastal responded that it cured any defect in its registration because it registered in 1995. The District then replied that the trial court did not have jurisdiction for either year because Coastal did not file its application until June 27, 1995, and that application claimed that the first date Coastal would transact business in Texas was July 1, 1995.

---

1. *See* Tex. Tax Code § 1.04(3).

2. *See id.* §§ 41.41, 42.01(1).

The District also filed a verified plea to the jurisdiction, second amended original answer and counterclaim that asserted a defect of party. This pleading again alleged that Coastal had not registered with the Secretary of State until June 27, 1995, giving its first date of doing business as July 1, 1995. It also alleged that Coastal did not register with the Texas Railroad Commission as required by law, an issue that is not before us. The District maintained that as a consequence of these failures, Coastal could not maintain an action for 1994 or 1995. There appears to be no specific response to this pleading in the record.

Finally, the District filed an amended summary judgment motion, in which it repeated its argument that Coastal could not maintain an action for 1994 or 1995 because it did not register until June 27, 1995, and because its registration application stated that it was not doing business in Texas before July 1, 1995. In support of this argument, the District cited section 9.07(a) of the Texas Revised Limited Partnership Act, which provides that a foreign limited partnership cannot maintain an action in a Texas court unless it properly registers with the Secretary of State.[3] In its response to the District's amended motion, Coastal did not mention this issue.

The district court granted summary judgment for the District for 1994, and for Coastal for 1995, without specifying the grounds for its order. Both parties appealed. As appellant for the 1994 tax year, Coastal argued that it could maintain an action for 1994 because its 1995 registration cured its previous failure to register. The District countered that Coastal could not sue because it was not registered in 1994, and because it misrepresented that it was not transacting business in Texas before July 1, 1995.

As appellant for 1995, the District argued that the trial court lacked jurisdiction for 1995 because there was no jurisdiction in 1994 when Coastal filed its original petition, due to Coastal's failure to register. Based on its representations to the Secretary of State, the District contended, Coastal was not doing business in Texas before July 1, 1995, and Coastal had never corrected this public record. Coastal responded that, even if it lacked standing for 1994, its case for 1995 stands alone, because of its current registration as a foreign limited partnership.

The court of appeals at first dismissed the case for both tax years because Coastal failed to show that it had ever properly registered as a foreign limited partnership. Coastal then moved for rehearing for both years. Coastal argued that section 9.07(a) of the Revised Limited Partnership Act denied Coastal due process if read to preclude its suit, because Coastal would be deprived of a property interest without the opportunity to be heard. Coastal further argued that its action fell within section 9.07(a)'s exception that allows a foreign limited partnership to defend an action without being registered.[4] Coastal also moved for remand to the trial court with instructions to reopen the record to allow Coastal to submit evidence that it had amended its registration and paid all necessary fees. The court of appeals denied the motion for remand, but, accepting Coastal's argument that its lawsuit was purely defensive, withdrew its first opinion and affirmed the trial court.[5]

Thereafter, both Coastal and the District petitioned for this Court to review the

---

**3.** *See* Tex.Rev.Civ. Stat. Ann. art. 6132a–1, § 9.07(a).

**4.** *Id.* § 9.07(b)(3).

**5.** 7 S.W.3d 183, 186 n. 1, 190.

judgment adverse to them. We granted both petitions. When we review cross-motions for summary judgment, we consider both motions and render the judgment that the trial court should have rendered.[6]

## II

### LACK OF CAPACITY

■ Section 9.07(a) of the Texas Revised Limited Partnership Act ("RLPA") prohibits a foreign limited partnership transacting business in Texas from "maintain[ing] an action, suit, or proceeding in Texas until it has registered in Texas and paid to the secretary of state all amounts owing under Subsection (d) of this section."[7] Section 9.07(d) requires a foreign limited partnership to pay not only the registration fee, but an additional $750 fee for each year or part of a year that the partnership transacted business in Texas without being registered.[8]

Coastal argues that it was registered, and thus permitted to maintain this action, after June 27, 1995, when it filed its registration application with the Secretary of State. But for Coastal to be *properly* registered, it had to pay both the registration fee and additional fees because it transacted business in Texas without being registered in both 1993 and 1994. There is no evidence that Coastal ever paid any fees aside from the initial registration fee. Because the record does not reflect that Coastal complied with all statutory requirements to be properly registered to do business in Texas, Coastal cannot maintain an action for either the 1994 or 1995 tax year.

Coastal asserts that section 9.07(a) does not bar this lawsuit despite its failure to register properly because it is, in essence, defending itself against an unfair appraisal and the statute provides an exception allowing an unregistered foreign limited partnership to defend "any action, suit or proceeding in any Texas court."[9] The court of appeals agreed.[10] Coastal also maintains that to read section 9.07(a) to prohibit this action violates its state and federal due process rights. The District counters that Coastal waived these arguments because it did not raise them until its motion for rehearing in the court of appeals. Coastal responds that it could raise these arguments at any time because they relate to standing, which is jurisdictional and cannot be waived.

■ Although the parties have argued the issue before us and below as one of standing, the real issue is Coastal's *capacity* to sue. As we have previously explained: "[a] plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy."[11] A party must have both standing and capacity to bring a lawsuit. And while standing as an issue cannot be waived, capacity can be.[12]

■ Coastal's capacity was in issue before the trial court and the court of

---

6. *See Commissioners Ct. v. Agan*, 940 S.W.2d 77, 81 (Tex.1997); *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

7. TEX.REV.CIV. STAT. ANN. art. 6132a-1, § 9.07(a).

8. *Id.* § 9.07(d).

9. *Id.* § 9.07(b)(3).

10. 7 S.W.3d at 187.

11. *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex.1996) (emphasis in original).

12. *Nootsie, Ltd.*, 925 S.W.2d at 662.

appeals. If it is not evident from the petition that a plaintiff foreign limited partnership lacks the capacity to sue, the burden is on the defendant to raise the issue.[13] Here, Coastal's pleadings, taken together, alleged that it had been transacting business in Texas since 1994 (*i.e.*, operating the property in dispute), and that it was legally authorized to do so. The District put Coastal's capacity in issue in its verified pleading and argued the point in its summary judgment motions.[14] Further, the District presented summary judgment evidence that Coastal had not registered until mid 1995, and that Coastal's 1995 registration was defective based on Coastal's own allegations about how long it had been transacting business. This showing was sufficient to establish that Coastal had not paid the fees for any year before 1995, because nothing in the registration application indicated that it had done business in Texas before July 1 of that year. The burden was then on Coastal to prove that it had properly registered and paid the applicable fees.[15] Coastal did not meet its burden. Thus, we conclude that section 9.07(a) deprives Coastal of its legal authority to sue.

■ Moreover, Coastal waived its due process and "defending an action" argu-ments by not raising them until its motion for rehearing in the court of appeals.[16] Coastal's only argument against waiver is that the point is jurisdictional, which it is not. The application of section 9.07(a) was fairly raised in the trial court for both 1994 and 1995, and summary judgment rendered against Coastal for 1994. But Coastal never made these arguments in the trial court, or in the court of appeals until after that court's first opinion. Claims not made to the trial court generally cannot be raised for the first time on appeal.[17] Thus, the court of appeals erred in reaching Coastal's argument that it falls within the statutory exception for a party defending an action.[18]

We note that, according to the Bar Committee comments to section 9.07, once a foreign limited partnership is properly registered, it may maintain a suit even on a claim arising while it was unregistered or improperly registered.[19] And courts construing the Business Corporations Act's analogous provision [20] suggest that a party can cure a defect in its registration status at least until the trial court loses plenary power.[21] It has also been held that the trial court has discretion to dismiss a case after a party fails to properly register by the trial court's deadline.[22] Here, as we

---

13. See *Continental Supply Co. v. Hoffman*, 135 Tex. 552, 144 S.W.2d 253, 255 (1940); *see also* TEX.R. CIV. P. 93.

14. Cf. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 241 (Tex.1992) (jury charge error preserved for appellate review because party called trial court's attention to the complaint).

15. See *Normandie Oil Corp. v. Oil Trading Co.*, 139 Tex. 402, 163 S.W.2d 179, 181 (1942).

16. See *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993).

17. *Id.*

18. See *City of San Antonio v. Schautteet*, 706 S.W.2d 103, 104 (Tex.1986).

19. TEX.REV.CIV. STAT. ANN. art. 6132a–1, § 9.07, "Source and Comment—Bar Committee" (Vernon Supp.2001).

20. TEX. BUS. CORP. ACT ANN. art. 8.18 § A.

21. See, e.g., *Durish v. Panan Intern., N.V.*, 808 S.W.2d 175, 178–79 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Troyan v. Snelling & Snelling, Inc.*, 524 S.W.2d 432, 434 (Tex. Civ.App.—Dallas 1975, no writ).

22. *Rigid Component Sys. v. Nebraska Component Sys.*, 202 Neb. 658, 276 N.W.2d 659, 661 (1979).

have said, there is no evidence that Coastal has at any time registered *and* paid *all* the required fees. And Coastal does not challenge before us the court of appeals' denial of its motion for remand to reopen the record in the trial court. Thus, we do not decide today how much time a party has to cure a registration defect during a pending lawsuit, only that by the time the case reaches this Court by appeal from a final judgment it is too late.

Coastal advances two further arguments about why its failure to properly register does not prevent it from maintaining this action. For tax year 1994, Coastal argues that it was the designated agent of Texas Brine Corporation, the property's owner.[23] For tax year 1995, it relies on a change in the Tax Code allowing lessees who are contractually obligated to pay property taxes to challenge an appraisal.[24] These arguments confuse standing with capacity. Even if Coastal is correct that it has standing because it has a contractual or statutory interest, that does not cure its lack of capacity to appear in court to pursue that interest.

## III

## CONCLUSION

In sum, Coastal was required to register as a foreign limited partnership to appeal the Board's order regarding the 1994 and 1995 salt dome storage cavern appraisals. Coastal did not register until June 1995. Had it at that time paid both the registration fee and the statutorily-mandated additional fees for those years it had transacted business in Texas before registering, Coastal would have been properly regis-

tered and able to maintain this action. But there is no evidence that Coastal ever properly registered by paying all necessary fees. We therefore affirm the court of appeals' judgment for tax year 1994, reverse the court of appeals' judgment for tax year 1995, and render judgment that Coastal take nothing.

Justice HECHT filed a dissenting opinion.

Justice HECHT, dissenting.

I respectfully dissent. We granted the petitions for review in this case to consider what we were told by the parties and assured by numerous amici curiae was a legal issue important to Texas jurisprudence, namely, whether an underground salt-dome cavern used to store petroleum products is "land" or "an improvement"—each category must be appraised separately[1]—within the meaning of section 1.04 of the Tax Code. The Harris County Appraisal District appraised the six caverns in this case as improvements in 1994 and 1995. Coastal Liquids Transportation, L.P. contends that they should have been appraised as land. The lower courts agreed with Coastal's position but held that Coastal as the lessee of the caverns did not have standing to challenge the tax assessments until 1995, when the Tax Code was amended to allow lessees contractually liable for taxes to contest them.[2]

On this main issue, to which the parties, the lower courts, and numerous amici have addressed almost all of their arguments, the Court says nothing, instead holding merely that Coastal lacked capacity to prosecute its suit because it did not prove

---

**23.** *See* Tex. Tax Code § 1.111(a); *see also* 34 Tex. Admin Code § 9.3044 (Comptroller of Public Accounts, Property Tax Administration).

**24.** *See* Tex. Tax Code § 42.015.

**1.** *See* Tex. Tax Code §§ 23.01, 25.02.

**2.** 7 S.W.3d 183 (Tex.App.—Houston [1st Dist.] 1999).

that it was properly registered as a Delaware limited partnership doing business in Texas. Section 9.07(a) of the Texas Revised Limited Partnership Act prohibits a foreign limited partnership doing business in Texas from maintaining a lawsuit in the state until it has registered and paid the appropriate fees.[3] Coastal registered on June 27, 1995, but the Court concludes that Coastal did business in Texas from 1993 on and did not prove that it had paid the fees and penalties for prior years as required by section 9.07(d). The problem with this conclusion, besides the fact that it sidesteps the principal dispute in the case and adds essentially nothing to the State's jurisprudence, is that whether Coastal paid all the registration fees due was never raised in the trial court. If it had been, Coastal could have either proved that all fees due had been paid or else paid what was due and continued with the suit, as section 9.07 would allow.

The District argued in the trial court that section 9.07 precluded Coastal from challenging taxes assessed before it registered in June 1995. The 1994 and 1995 taxes in dispute were due as of the first day of each year, respectively. The District also argued that Coastal was bound by its statement in the registration application that it would begin doing business in Texas on July 1, 1995, and therefore could not have been a taxpayer with standing to challenge the assessments before that date. The District did not assert that Coastal had failed to pay all the fees due for registration. The District's pleadings on the subject consumed these two sentences:

Plaintiff Coastal Liquids Transportation, L.P., a Delaware limited partner-

ship, was not registered or authorized to do business in Texas as a foreign limited partnership until June 27, 1995, and the first date business would be transacted in Texas was July 1, 1995, as shown in records filed with the Secretary of State.... Therefore, this Plaintiff cannot maintain this action for tax years 1994 and 1995.

In all of the hundreds of pages of motions and briefs filed in the trial court, the sum total of the District's argument on the registration issue is found in two more sentences in its amended motion for summary judgment:

Plaintiff Coastal Liquids Transportation, L.P., a Delaware limited partnership, was not registered in Texas as a foreign limited partnership during 1994, and was not registered in Texas until June 27, 1995, and it cannot maintain this action for tax year 1994 (January 1, 1994) or tax year 1995 (January 1, 1995). Tex.Rev.Civ. Stat. Ann. art. 6132–a 1, § 9.07(a) (Vernon Supp.1997).

Coastal Liquids Transportation, L.P., was not licensed or authorized to do business in Texas as a foreign limited partnership until June 27, 1995, and its application filed with the Secretary of State of Texas states that the first date business will be transacted in Texas is "July 1, 1995".

The District went on to argue, as I have said, that Coastal could not challenge taxes assessed before it registered. Coastal responded—correctly, as the Court indicates—that once it registered, it was free to litigate pre-registration issues.[4] The

---

3. Tex.Rev.Civ. Stat. Ann. art. 6132a–1, § 9.07(a) (Vernon Supp.2001).

4. *Ante* at 883; *see* Tex.Rev.Civ. Stat. Ann. art. 6132a–1, § 9.07 source and comment-bar

committee ("By implication, strengthened by Section 9.07(b), once a partnership registers, it can maintain suit, even on a claim arising while it was improperly unregistered.").

matter of fees due was never pleaded, argued, or even mentioned.

Nor was the matter raised in the briefing in the court of appeals. As in the trial court, the District chose to argue not that Coastal had underpaid the registration fees due, but that registration did not allow Coastal to litigate prior claims.

That choice may have been strategic. The District could have argued instead that Coastal had been doing business in Texas since 1993 and had not paid the required fees, but then all Coastal would have had to do to avoid the argument was pay the few hundred dollars in unpaid fees. The District may have considered that the argument it chose—that Coastal was *not* doing business before July 1, 1995, and therefore was not a taxpayer—was the better course. In any event, the issue of fees was not raised in the trial court, or even in the court of appeals until Coastal's motion for rehearing.

Coastal made two arguments in that motion that the Court refuses to consider because they were not asserted in the trial court. One, with which the court of appeals agreed,[5] was that although Coastal sued the District, it was not really "maintaining" suit within the meaning of section 9.07(a) but was defending against what it considered to be excessive appraisals. The other argument Coastal made was that for section 9.07 to be construed to deprive it of the right to challenge the tax assessments would violate state and federal constitutional due process guaranties. To refuse to consider Coastal's arguments because they were not made in the trial court, and yet to rule against Coastal on an argument the District did not make in the trial court, is inexplicably unfair.

I would address the only section 9.07 argument the District made and hold that

Coastal's statement in its registration application that it was not doing business in Texas until July 1, 1995, did not estop it from contending that it was a taxpayer with standing to challenge the tax assessments on the storage caverns in 1994 and 1995. I would then decide the issue we took this case to decide: whether those assessments were proper.