In The
Court of Appeals
For The
First District of Texas
____________
NO. 01-01-00828-CV
____________

THE CITY OF HOUSTON, Appellant

v.

DONALD CLARK, Appellee




On Appeal from the 333rd District Court 
Harris County, Texas
Trial Court Cause No. 2000-20826




O P I N I O N
           The City of Houston, appellant, appeals the summary judgment rendered in favor of
Donald Clark, appellee. We reverse and remand for further proceedings.
BACKGROUND
           Clark, an employee of the City of Houston Fire Department, was assigned to the
Emergency Dispatch Center in early 1998. Clark informed an assistant fire chief, in writing,
that he had a hearing defect and had particular problems with telephone conversations. 
However, his assignment was not changed. 
           On May 19, 1999, Clark received an emergency call regarding the shooting of a
Houston Police Officer. According to the June 2, 1999 investigative report of the City’s
Office of Inspector General, Clark improperly recorded the address of the shooting and did
not follow the proper procedure of verifying the cross street and having the police dispatcher
repeat the street address numbers. These errors resulted in an unnecessary delay in the
emergency response to the call. 
           On June 12, 1999, the mayor suspended Houston Fire Chief Lester Tyra for seven
days in connection with this event. Tyra, by letter to the mayor, assigned two assistant fire
chiefs to serve as acting fire chief during Tyra’s absence. On June 16, Assistant Fire Chief
Conneally, who was to serve as acting fire chief on June 16, 17, and 18, suspended Clark for
15 days. Clark appealed this suspension to a hearing examiner, who conducted a hearing on
the matter and, at the request of Clark and the City, considered both the merits of the case
and a motion to dismiss filed by Clark. The motion to dismiss asserted that the acting fire
chief did not have the authority to suspend Clark because, under chapter 143 of the Local
Government Code, only the head of the department had that authority. See Tex. Loc. Gov’t
Code Ann. §§ 143.001-.363 (Vernon 1999 & Supp. 2002). Clark’s motion to dismiss relied,
in part, on a 1990 district court case in City of Houston v. Rivera, No. 90-045333, in the
190th District Court of Harris County. In Rivera, an assistant fire chief, as acting fire chief
for two hours, suspended Rivera. Rivera appealed the suspension to an independent hearing
examiner, who granted Rivera’s motion to dismiss the suspension on the ground that the
acting fire chief did not have the authority under chapter 143 to issue a suspension. The City
appealed the arbitrator’s decision, and the trial court granted Rivera’s motion for summary
judgment. 
           In this case, the hearing examiner ruled, on the merits, that Clark had violated the
rules and regulations of the fire department, as stated in the letter of suspension, but granted
Clark’s motion to dismiss his suspension. The hearing examiner, in his written opinion,
noted that, while he was “not bound by the ruling of the Court(s) or that of other arbitrators,”
he found them instructive. 
           The City appealed the hearing examiner’s decision to the district court. In its petition,
the City alleged, “Plaintiff asserts that Third Party Hearing Examiner Leroy Bartman both
exceeded his jurisdiction and wrongfully applied the law in his ruling on Defendant’s motion
to dismiss.” The City did not allege any other jurisdictional defects, nor did it allege that the
decision was the result of fraud. In its prayer for relief, the City requested a judgment
“declaring that the Third Party Hearing Examiner exceeded his jurisdiction by granting
Defendant’s motion to dismiss . . . .” The City also requested a declaration regarding
whether an acting fire chief may issue a temporary suspension under chapter 143.


 
           Clark filed a motion for summary judgment in which he argued, as the sole ground
for summary judgment, that the 1990 Rivera case collaterally estopped the City’s claim that
an acting fire chief had the authority to issue a valid suspension. The City filed a cross-motion for summary judgment in which it asserted, as grounds for summary judgment, that
(1) the hearing examiner ignored the provisions of chapter 143 of the Local Government
Code and improperly interpreted the term “department head,” (2) Rivera does not control the
present case under the doctrine of stare decisis, (3) the hearing examiner had jurisdiction to
decide the merits of the suspension, (4) the hearing examiner did not have jurisdiction to
determine that the acting fire chief did not have the authority to issue a suspension, (5) only 
the City had the authority to determine who could act as the equivalent of the fire chief, (6)
the hearing examiner did not have standing to compel the City to follow procedures it was
not legally required to follow, and (7) the City enjoyed governmental immunity. The trial
court granted Clark’s motion and denied the City’s motion, and the City appealed. 
STANDARD OF REVIEW
           A rule 166a(c) summary judgment is proper only when the movant establishes that
there is no genuine issue of material fact and that the movant is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c); Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d
640, 644 (Tex. 1995); Lawson v. B Four Corp., 888 S.W.2d 31, 34 (Tex. App.—Houston [1st
Dist.] 1994, writ denied). In reviewing a summary judgment, we must indulge every
reasonable inference in favor of the nonmovant and resolve any doubts in its favor. Johnson,
891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. We will take all evidence favorable to the
nonmovant as true. Id. As movant, the defendant is entitled to summary judgment if the
evidence disproves as a matter of law at least one element of each of the plaintiff’s causes
of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Marchal v. Webb,
859 S.W.2d 408, 412 (Tex. App.—Houston [1st Dist.] 1993, writ denied). 
           Generally, when we review cross-motions for summary judgment, we consider both
motions and render the judgment that the trial court should have rendered. Coastal Liquids
Transp., L.P. v. Harris County Appraisal Dist., 46 S.W.3d 880, 884 (Tex. 2001). However,
in the present case, the City does not request a review of the trial court’s denial of the City’s
motion for summary judgment. 
DISCUSSION
           The underlying issues of this case are governed by chapter 143 of the Local
Government Code, which regulates civil service for municipal police and fire departments. 
See Tex. Loc. Gov’t Code Ann. §§ 143.001–.363. Under chapter 143, a firefighter may
appeal a temporary suspension to the civil service commission. Id., § 143.010 (Vernon
1999). The commission must determine if just cause exists for the suspension. Id.,
§ 143.118(a) (Vernon 1999). A firefighter may appeal the decision of the commission to the
district court for a trial de novo. Id., § 143.015(b) (Vernon 1999). A firefighter may elect
to appeal to an independent hearing examiner instead of the commission. Id., § 143.1016
(Vernon 1999). A hearing examiner has the same duties and powers as the commission. Id.,
§ 143.1016(f) (Vernon 1999). Unlike the commission’s decision, the decision of the hearing
examiner is final and binding on all parties. Id., § 143.1016(c) (Vernon 1999). A district
court may hear an appeal of a hearing examiner’s award only on the grounds that (1) the
arbitration panel was without jurisdiction, (2) the panel exceeded its jurisdiction, or (3) the
order was procured by fraud, collusion, or other unlawful means. Id., § 143.1016(j) (Vernon
1999). 
Collateral Estoppel
           In its first issue, the City contends that the district court improperly granted judgment
to Clark because his motion did not articulate any legal theory that would entitle Clark to
judgment as a matter of law. The City specifically argues, “The doctrine of collateral
estoppel did not in any manner bind the District [Court].” The City also argues that the
opinion relied on was not based on facts similar to those in the present case. 
           To establish the defense of collateral estoppel, a party must show that (1) the facts
sought to be litigated in the second action were fully and fairly litigated in the first action,
(2) those facts were essential to the judgment in the first action, and (3) the parties were cast
as adversaries in the first action. Sysco Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801
(Tex. 1994). 
           Clark contends that collateral estoppel bars the claims asserted by the City because
those claims were fully and fairly litigated in Rivera. To support his defense of collateral
estoppel in the trial court, Clark attached, as summary judgment evidence, the City’s petition
in the Rivera case, Rivera’s motion for summary judgment, and the order granting Rivera’s
motion. However, these documents establish that collateral estoppel does not apply to this
case. 
           Rivera’s motion for summary judgment asserted the following three grounds on which
the judgment could have been granted: (1) the district court was without jurisdiction to
consider the case, (2) the arbitrator had the power and authority to decide questions of law
necessary to the rendition of an award, and (3) the assistant fire chief did not have the
authority to issue the suspension. The order granting Rivera’s motion did not state the basis
on which the motion was granted. 
           There are important factual differences between Rivera and the present case. There
is no indication in the pleadings in Rivera that the fire chief was under a temporary
suspension, and it appears that the acting fire chief was in that position for only a few hours,
as compared with seven days in this case. Therefore, the facts of the present case were not
fully and fairly litigated in Rivera. In addition, because the judgment in Rivera does not
inform us regarding which of the grounds formed the basis of the judgment, we cannot
determine which facts were essential to the judgment in the Rivera case. 
           We conclude that collateral estoppel does not bar the City’s claim in this case. 
Therefore, the trial court erred in granting Clark’s motion for summary judgment. 
Accordingly, we sustain the City’s first issue. 
Jurisdiction
           In its second issue, the City contends that the district court improperly granted
judgment to Clark because the hearing examiner’s decision found for the City on the merits,
but then misapplied state law in order to avoid enforcement of his decision on the merits. 
Under this issue, the City asserts that the hearing examiner’s decision can be reviewed by this
Court if he exceeded his jurisdiction, citing section 143.1016(c). 
           The City misinterprets section 143.1016(c) and (j). Those sections authorize the
district court to hear an appeal of “a hearing examiner’s award only on the grounds that the
arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was
procured by fraud, collusion, or other unlawful means.” Tex. Loc. Gov’t Code,
§ 143.1016(j). In the district court, the City pleaded that the hearing examiner had exceeded
his authority. However, the City argued in its motion for summary judgment that the hearing
examiner had exceeded his authority by ruling incorrectly on the motion to dismiss. That is,
on motion for summary judgment, the City argued that the hearing examiner made the wrong
decision, not that he nad no power to make that decision.
           Consistent with section 143.1016(j), the City may not challenge the correctness of the
hearing examiner’s decision. If the hearing examiner had jurisdiction to rule on the motion
to dismiss, that ruling, whether right or wrong, is unassailable unless obtained by fraud or
some other unlawful means. See id. Therefore, under § 143.1016(j), the issue is not whether
he ruled correctly, but whether he had jurisdiction to rule at all on the motion to dismiss. 
The City has not presented that issue either in the trial court or on appeal.


 The City’s second
issue does not challenge the hearing examiner’s jurisdiction. 
           We overrule the City’s second issue. 
Governmental Immunity
           In its third issue, the City asserts that the district court improperly granted judgment
to Clark because the City is entitled to governmental immunity. This argument is without
merit. This entire proceeding was conducted pursuant to chapter 143 of the Local
Government Code, which governs the civil service employment of police officers and
firemen and provides for such matters as suspensions and appeals. See id., §§ 143.001–.363. 
It was the City that availed itself of chapter 143 to appeal the hearing examiner’s decision. 
The City is subject to chapter 143 and, in its brief, does not even attempt to reconcile its
position on governmental immunity with that statute. 
           We overrule the City’s third issue. 
 

CONCLUSION
           We reverse the judgment of the trial court and remand the cause for further
proceedings consistent with this opinion. 
 
                                                                             Sam Nuchia
                                                                             Justice

Panel consists of Justices Nuchia, Radack, and Keyes. 
Do not publish. Tex. R. App. P. 47.