**DENY Motion and Opinion Filed March 21, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01425-CV

**WELLS FARGO BANK, N.A., AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-1 ASSET-BACKED CERTIFICATES, SERIES 2006-1, Appellant**

**V.**

**LONZIE LEATH, Appellee**

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 08-07290**

## SUPPLEMENTAL OPINION ON REHEARING
Before Justices Moseley, O'Neill, and Brown
Opinion by Justice Brown

We issue this supplemental opinion to clarify our decision to deny the motion for rehearing.

Appellant Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2006-1 Asset-Backed Certificates, Series 2006-1 filed a motion for rehearing in which it contends our opinion, issued on January 6, 2014, creates confusion regarding when notice of a violation is sufficient to trigger the right to cure under section 50(a)(6)(Q)(x) of the Texas Constitution. *See* TEX. CONST. art. XVI, § 50(a)(6)(Q)(x). In its motion, Wells Fargo also expresses "concern" that our opinion may lead to "unnecessary confusion and litigation

regarding the proper application of the fair market value rules" relating to home equity loans under the Texas Constitution.

Wells Fargo asserts for the first time in its motion that it had the right to rely on the presumption created by article XVI, section 50(h) of the Texas Constitution regarding the fair market value of Leath's property. *See* TEX. CONST. art. XVI, § 50(h) (providing that "lender or assignee for value may conclusively rely on the written acknowledgment as to the fair market value of the homestead property" if two requirements are met). It states that it filed the motion to "call the Court's attention" to section 50(h) as "additional legal authority that should control in the Court's decision." Wells Fargo acknowledges, however, that section 50(h) "was not cited by the parties in their prior briefing." Wells Fargo also did not present argument in its prior briefing related to section 50(h)'s two requirements. Yet it claims on rehearing that "the facts are undisputed that the requirement[s] for protection under Section 50(h) were satisfied at closing."

Generally, we do not base our rulings on arguments raised for the first time on rehearing. *See OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.*, 234 S.W.3d 726, 747 (Tex. App.—Dallas 2007, pet. denied) (op. on reh'g) ("A motion for rehearing does not afford a party an opportunity to raise new issues after the case has been briefed, argued, and decided on other grounds, unless the error is fundamental."); *see also Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 885 (Tex. 2001) (issue raised for first time on rehearing is waived). The issue of whether application of section 50(h) of the Texas Constitution to the facts of this case compels a finding that the loan is constitutional is not before us and, therefore, we will not address it. Accordingly, we deny Wells Fargo's motion for rehearing.

/Ada Brown/
ADA BROWN
JUSTICE

111425RF.P05

–2–