

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00296-CV

———————————————

IN THE INTEREST OF A.W.

---

On Appeal from the 324th District Court
Tarrant County, Texas
Trial Court No. 324-013484-76

---

Before Sudderth, C.J.; Birdwell and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant A.D.W. (Father) appeals from the trial court's[1] denial of his motion to declare void a 2011 order enforcing a child-support arrearage and making his adult daughter, A.W. (Daughter), the obligee. In one issue, Father argues that the prior order is void because two statutory provisions—Texas Family Code Sections 154.013 and 157.005—deprived the trial court of authority to render it. Because the prior order is not void, we affirm.

## I.  Background

Daughter was born during the marriage of Father and B.P. (Mother). Father and Mother were divorced by 1976. Father was ordered to pay child support, an obligation that he routinely failed to perform. In 1987, the trial court signed an order finding Father in contempt for failure to make child-support payments and ordering Father to pay monthly $200 support payments. It also ordered Father to pay certain amounts over a specified period of time to make up the arrearages. More than twenty years later, after Mother's death, Daughter filed a petition regarding Father's unpaid child support; that petition resulted in the 2011 order challenged by Father in this appeal.

---

[1]This proceeding was originally filed in the 322nd District Court but was transferred to the 324th District Court.

## A. Relevant Statutory Authority

Because the parties' pleadings and trial court arguments implicated the interpretation of specific Texas Family Code sections, we discuss those provisions before describing the proceedings below. The Family Code provides multiple remedies for past-due child support, including the remedies in Sections 157.263, 157.323, and 158.301. *See* Tex. Fam. Code Ann. §§ 157.263, 157.323, 158.301. Section 157.263 and Section 157.323 both allow for judgments related to child-support arrearages. Section 157.323, titled "Foreclosure or Suit to Determine Arrearages," authorizes a party to sue to foreclose a child-support lien or to dispute the amount of arrearages. *Id.* § 157.323(c). In a suit under this section, "[i]f arrearages are owed by the obligor[,]" the trial court must "render judgment against the obligor for the amount due, plus costs and reasonable attorney's fees," "order any official authorized to levy execution to satisfy the lien . . . by selling any property on which a lien is established under this subchapter," or "order an individual or organization in possession of nonexempt personal property or cash owned by the obligor to dispose of the property as the court may direct." *Id.* § 157.323(c).

Section 157.263, on the other hand, allows a trial court to render a cumulative money judgment for child-support arrearages. Under that section, "[a] cumulative money judgment for the amount of child support owed includes" the following:

(1) unpaid child support not previously confirmed;

(2) the balance owed on previously confirmed child[-]support arrearages or lump[-]sum or retroactive child[-]support judgments;

(3) interest on the child[-]support arrearages; and

(4) a statement that it is a cumulative judgment for the amount of child support owed.

*Id.* § 157.263(b). However, cumulative money judgments are available only for a specified amount of time; Family Code Section 157.005(b) provides that a trial court "retains jurisdiction" to "render cumulative money judgments for past-due child support . . . as provided by Section 157.263, if a motion for enforcement requesting a money judgment is filed not later than the 10th anniversary after the date . . . the child becomes an adult. . . ." *Id.* § 157.005(b).

Section 158.301 authorizes an obligee, among others, to file a notice of application for judicial writ of withholding. *Id.* § 158.301. Once the notice is filed, the child-support obligor may, within ten days after receipt of the notice, stay issuance of the writ by filing a motion to stay. *Id.* § 158.307, .308. If the obligor files such a motion, the trial court must hold a hearing and either grant the motion to stay or render an order for income withholding. *Id.* § 158.309.

Family Code Section 154.013 addresses the possibility of an obligee's death and states that the death does not relieve an obligor of his or her duty to provide support. *Id.* § 154.013. That section states,

(a) A child support obligation does not terminate on the death of the obligee but continues *as an obligation to the child* named in the support order, as required by this section.

. . . .

(c) On the death of the obligee, current child support owed by the obligor for the benefit of the child . . . shall be paid to:

. . . .

(5) the surviving child, if the child is an adult or has otherwise had the disabilities of minority removed.

(d) On presentation of the obligee's death certificate, the court shall render an order directing payment of child support paid but not disbursed to be made as provided by Subsection (c).

*Id.* § 154.013 (emphasis added).

## B. Trial Court Proceedings

In 2010—after Mother's death and years after Daughter turned eighteen—Daughter filed a "Petition to Modify Payee on Child Support Arrearage for Judgment and Payout for Past Due Child Support and Request for Relief Under [Texas Family Code] § 154.013(c)." After quoting Family Code Section 154.013(a) and (d)—which she mislabeled as subsection (c)—Daughter requested the trial court to "render judgment for past due child support" and to make her the obligee for the child-support arrearages that were "due and owing for" her benefit. *See id.*; *see also id.* § 157.323. Daughter also separately filed a notice of application for judicial withholding.

Father filed an answer to Daughter's petition and then moved to dismiss for lack of subject matter jurisdiction under Family Code Section 157.005(b). *Id.* § 157.005(b). Daughter responded to Father's motion to dismiss with an "[a]mended [a]nswer" in which she pointed out that Section 157.005 only applies to cumulative money

5

judgments for arrearages and asserted that she was not seeking that relief. Rather, she said, she wanted a determination of arrears under Section 157.323 "and/or" Section 158.301. *See id.* §§ 157.323(c)(1), 158.301.

Father also filed an answer to Daughter's notice of application for judicial writ of withholding. Again relying on Section 157.005, Father argued that the trial court lacked jurisdiction to approve the application. He further asserted that Daughter was not the legal obligee for the child-support judgment previously awarded to Mother. Daughter then filed an "Amended Original Answer to [Father's] Original Answer and Request for Affirmative Relief," in which she "[p]lead[ed] in the alternative" for a determination of the arrears under Texas Family Code Section 157.323 "and/or" Section 158.301.

On June 6, 2011, the trial court signed an order in favor of Daughter (the 2011 Order). That order stated that Daughter had filed the notice of application for judicial writ of withholding and that Father had not filed a verified motion to stay within ten days; that the amount of child-support arrearages was determined "as a matter of law to be $153,513.98" and that Daughter was "granted and rendered a judgment and confirmation of arrears under §157.323 and §158.309 of the Texas Family Code for child-support arrearages." *See id.* §§ 157.323, 158.309. The court awarded Daughter attorney's fees and further stated that "the 2005 amendments to § 157.005 of the Texas

Family Code[2] neither control nor limit the right of a child support obligee to collect unpaid child support by means of a child support lien, levy, or a writ of income withholding," and it ordered that "the arrearages enumerated above shall be payable through a judicial writ of withholding from earnings. . . ." The court denied all relief requested by Father. Father did not appeal.

Daughter subsequently filed a petition seeking the suspension of Father's driver's license for failure to pay child support, or alternatively a "clarifying order more clearly specifying a repayment schedule in compliance with Texas law." The trial court signed an order suspending Father's license.

In June 2019, Father filed a "Petition to Reinstate License and Petition/Motion to Declare Judgment Void," contending that the trial court had lacked subject matter jurisdiction to issue the 2011 Order or the subsequent order suspending his license. He raised two jurisdictional arguments. First, he asserted that Daughter had based her request to be named the obligee on Section 154.013(c), which, he asserted, governs only *current* child support. Second, he argued that Family Code Section 157.005(b) deprived the trial court of jurisdiction to render a cumulative money judgment for child support. Daughter's answer made a general denial, contended that Section 157.005(b) did not

---

[2]These amendments added the ten-year limitation period to Section 157.005. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 916, § 21, 2005 Tex. Gen. Laws 3148, 3155.

apply, and asserted the affirmative defenses of res judicata, collateral estoppel, and waiver.

The trial court signed an order that reinstated Father's driver's license but denied Father's requested relief from the 2011 Order. Father then brought this appeal challenging the denial with respect to the 2011 Order.

## II.  Discussion

Father asks this Court to consider whether the trial court's judgment is void as a matter of law.[3] As in the trial court, the basis of Father's voidness complaint is two-fold. First, he argues that the trial court was not authorized to make Daughter the obligee on the arrearages because Family Code Section 154.013(c)—the section Daughter cited in the title of her 2011 petition—only addresses current child-support payments and does not authorize the trial court to change the support obligee from Mother to Daughter. Second, he argues Section 157.005(b) deprived the trial court of subject matter jurisdiction to render its judgment.

## A.  Standard of Review

Our analysis in this case involves statutory construction and reviewing the trial court's subject matter jurisdiction. An appellate court reviews questions of statutory

---

[3]Father phrases his issue as "[w]hether the Court erred in denying Appellant's Motion to Declare the Judgment void pursuant to Texas Family Code Section 154.013(c) as the statute only allows for the assignment of 'current' child[-]support payments." Under that issue, however, he makes several arguments that are not based on Section 154.013(c) but that do relate to whether the 2011 Order is void.

construction de novo. *MCI Sales & Serv., Inc. v. Hinton*, 329 S.W.3d 475, 500 (Tex. 2010). In construing a statute, a court must "ascertain and give effect to the Legislature's intent." *HCBeck, Ltd. v. Rice*, 284 S.W.3d 349, 352 (Tex. 2009). A court begins with the "plain and common meaning of the statute's words" to ascertain the Legislature's intent. *Id.* (quoting *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004)). A court considers the statute as a whole and not its provisions in isolation. *City of Waco v. Kelley*, 309 S.W.3d 536, 542 (Tex. 2010). A court also considers the objective that the legislature sought to achieve through the statute as well as the consequences of a particular construction. *HCBeck*, 284 S.W.3d at 352 (citing Tex. Gov't Code Ann. § 311.023(1), (5)).

Similarly, "[w]hether a court has subject matter jurisdiction is a question of law that we review de novo." *In re T.B.*, 497 S.W.3d 640, 644 (Tex. App.—Fort Worth 2016, pet. denied). "Whether undisputed evidence of jurisdictional facts established a trial court's jurisdiction is also a question of law" that we review de novo. *Id.*

## B. Section 154.013(c) Did Not Deprive the Trial Court of Jurisdiction

Father makes multiple arguments related to Subsection (c) of Section 154.013. First, Father asserts that Daughter relied on Family Code Section 154.013(c) to obtain the relief granted in the 2011 Order and that, although that section allows a court to order child-support payment to someone other than the obligee upon the obligee's death, it does so only for "current" child-support payments that an over-18 child is receiving "as a result of the child remaining eligible until he or she graduates from high

9

school." Thus, he argues, the trial court could not designate Daughter as the obligee for the arrearages. That is, Father essentially argues that because Mother died before he paid the arrearages, Subsection (c) prevented the trial court from designating anyone else as the obligee for the arrearages, and he is therefore free from having to make good on his obligation.

From the context of Daughter's petition, it does not appear that she actually relied on Subsection (c). Although she cited that subsection in the title of her pleading and in the petition's text, her doing so was apparently a mistake because she quoted the subsections on which she was relying, and the quoted text came from Subsections (a) and (d), with the quoted text of Subsection (d) mislabeled as Subsection (c). *See, e.g.*, *In re Quaak*, No. 03-12-00197-CV, 2012 WL 1581422, at *1 (Tex. App.—Austin May 3, 2012, orig. proceeding) (mem. op.) (noting that courts look to substance of pleading rather than its form or caption).

However, even if Daughter had intended to invoke Subsection (c) in addition to Subsections (a) and (d), that would not have deprived the trial court of authority to designate her as the obligee. Subsection (c) does use the phrase "current child support." Tex. Fam. Code Ann. § 154.013(c). Subsection (a), however, applies to child-support obligations generally. *Id.* § 154.013(a); *Khaligh v. Khaligh*, No. 01-18-01119-CV, 2020 WL 4006445, at *3 (Tex. App.—Houston [1st Dist.] July 16, 2020, no pet.) (mem. op.) (holding adult daughter had standing under Section 154.013(a) to enforce child support against father after mother's death and that daughter was entitled to receive

10

payments of child support). Thus, under Subsection (a), Mother's death did not relieve Father of his obligation to pay past-due child support; that obligation continued as an obligation *to Daughter. See* Tex. Fam. Code Ann. § 154.013(a). Further, as the Texas Supreme Court has noted, payment of child-support arrearages compensates for "the wrong to the child at least as much as it reimburses the custodial parent for monies spent on the child." *Williams v. Patton*, 821 S.W.2d 141, 145 (Tex. 1991); *see also Off. of Att'y Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 866 (Tex. 2013) (quoting *Williams* for the proposition that enforcement proceedings "reflect 'the reality that *the child* is frequently the one who has been harmed by nonpayment and it is *the child's interests* [that] are ultimately sought to be protected'" (emphasis in original)). Accordingly, the trial court had authority to designate Daughter as the obligee.[4] *See Khaligh*, 2020 WL 4006445, at *3.

Father further asserts that the reasoning behind the legislature's use of the word "current" in subsection (c) is that "the deceased obligee might have other children who would stand to benefit from the collection of the judgment via probate." He argues that

---

[4]In one sentence in his brief, Father argues that the 2011 Order was void "in that it was sought by a party without authority to seek its enforcement." From its context, the sentence appears to relate to his argument that Daughter had to seek permission from a probate court before filing her 2011 petition. To the extent, however, that Father intended to argue that Daughter lacked capacity to request the relief she sought in her 2011 petition, he waived that complaint by failing to file a verified pleading challenging Daughter's capacity. *See* Tex. R. Civ. P. 93; *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001) (stating capacity complaint may be waived).

the Texas Estates Code "provides specifically that an order for delinquent child support is an asset of the estate, and as such should be allocated under the authority of the Probate Court" and that "[i]f an adult child chooses to seek payment on the judgment, she or he must first obtain authority to do so via the probate court." Thus, he argues, only a probate court, rather than the trial court, had the authority to designate Daughter as the obligee. Although nothing in the record indicates that Mother had heirs aside from Daughter or that Mother's estate was ever administered through a probate proceeding, Father argues that because Daughter did not obtain permission from a probate court before seeking the 2011 Order, the 2011 Order is void.

Father cites to no Estates Code provision or other authority to support his contention. His complaint is thus inadequately briefed. *See* Tex. R. App. P. 38.1(i). We nevertheless reiterate that Section 154.013(a) specifically states that after the obligee's death, a support obligation continues as an obligation *to the child*; it makes no provision for payment to the original obligee's estate.[5] Tex. Fam. Code Ann. § 154.013(a); *see Hart v. Jackson*, No. 01-21-00059-CV, 2021 WL 5182669, at *3 (Tex. App.—Houston [1st Dist.] Nov. 9, 2021, pet. denied) (mem. op.) (stating that Section 154.013 "applies upon the death of the obligee and provides that there is no need to go through the obligee's

---

[5]The Estates Code does, however, provide that an *obligor's* estate is liable for any court-ordered child-support payments that are delinquent at the obligor's death. *See* Tex. Est. Code Ann. § 101.051; *cf.* Tex. Fam. Code Ann. § 154.015 ("If the child support obligor dies before the child support obligation terminates, the remaining unpaid balance of the child support obligation becomes payable on the date the obligor dies.").

12

estate because the money is then owed to the child named in the support order . . . ."); *cf.* Tex. Fam. Code Ann. § 154.013(b) (providing that a child support payment held by state agency or local registry shall be paid for the benefit of surviving child named in support order and not to obligee's estate); *Scholer*, 403 S.W.3d at 866 (stating that a parent's obligation to pay child support is not a debt to a former spouse but rather a duty the parent owes to his or her child); *In re Marriage of Grossnickle*, 115 S.W.3d 238, 242 (Tex. App.—Texarkana 2003, no pet.) (noting that Section 154.013 "provides that the Texas Probate Code [now the Texas Estates Code] does not control over the disposition of an estate when child support is involved"). We overrule the part of Father's issue based on Section 154.013.

### C. Section 157.005 Does Not Make the 2011 Order Void.

Father next asserts that Texas Family Code Section 157.005 contains a 10-year limitation for seeking a child-support arrearage judgment, and he contends that this provision is jurisdictional. Thus, he argues, the trial court was without authority to issue the 2011 Order because that order was rendered more than ten years after Daughter became an adult. *See* Tex. Fam. Code Ann. § 157.005(b).

Father directs this court to our opinion in *Packard v. Davis*, in which we interpreted Section 157.005(b) to prohibit a court from rendering a cumulative money judgment for past-due child support once the ten-year limitation has passed. No. 2-08-022-CV, 2008 WL 4925998, at *2 (Tex. App.—Fort Worth Nov. 13, 2008, no pet.) (mem. op.). However, in *Packard*, we expressly held that Section 157.005(b)'s

13

prohibition applies to cumulative money judgments, and we refused to apply it to the enforcement order and the order for wage withholding at issue in that case. *Id.*; *see also Holmes v. Williams*, 355 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Here, Daughter's petition asked the trial court to render a judgment against Father for past-due child support, and she separately filed an application for notice of judicial writ of withholding. *See* Tex. Fam. Code Ann. §§ 157.323(c), 158.102 (providing that order or writ for income withholding may be issued until all child-support arrearages have been paid), 158.301. Daughter did not request a cumulative money judgment under Section 157.263,[6] and the trial court did not grant a cumulative money judgment in the 2011 Order. *See id.* § 157.263(b). The time limitation in Section 157.005(b) therefore did not apply. *See In re B.E.W.*, No. 14-18-00733-CV, 2020 WL 4211629, at *10 (Tex. App.—Houston [14th Dist.] July 23, 2020, no pet.) (mem. op.) (comparing remedies in Sections 157.323 and 157.263 and holding that the trial court's judgment that (1) determined arrearages and (2) rendered a judgment for child-support arrearages and interest was consistent with the relief authorized by Section 157.323).

A judgment determining arrearages under Section 157.323 and a judicial writ of withholding under Chapter 158 are remedies that the trial court was authorized to grant

---

[6]We recognize that the title of Daughter's petition included the phrase "Payout for Past Due Child Support," but from the text of the petition, she was not seeking a cumulative money judgment, and the trial court did not grant her that relief.

for Father's continuing failure to pay his child-support obligation. We overrule the remainder of Father's issue.

## III. Conclusion

Having overruled Father's issue, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  April 14, 2022