Jose SANTIAGO, Plaintiff,

v.

BAC HOME LOANS SERVICING, L.P. f/k/a Countrywide Home Loans Servicing, L.P., a California Limited Partnership; The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006–30TI, Mortgage Pass Through Certificates, Series 2006–30–TI; and Beverly Mitrisin, as Trustee, Defendants.

No. EP–13–CV–170–PRM.

United States District Court,
W.D. Texas,
El Paso Division.

Signed March 17, 2014.

Alexander Stuart Roig, Allen & Roig, LLP, San Antonio, TX, for Plaintiff.

Bryan Harris Hall, Beck & Hall, P.C., El Paso, TX, Nathan T. Anderson, Tatiana Alexander, McGlinchey Stafford, PLLC, Dallas, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendants BAC Home Loans Servicing, L.P. and the Bank of New York Mellon's "Motion for Summary Judgment and Brief in Support" (ECF No. 32), filed on December 5, 2013 [hereinafter "Motion"]; Plaintiff Jose Santiago's "Response to Defendant's Motion for Summary Judgment" (ECF No. 38), filed on January 10, 2014 [hereinafter "Response"]; and Defendants' "Re-

ply to Plaintiff's Response" (ECF No. 40), filed on January 16, 2014 [hereinafter "Reply"]. The Court granted Defendants' Motion on January, 31, 2014, and now writes to explain its reasoning.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2013, Plaintiff filed suit in the 34th Judicial District Court of El Paso County, Texas contesting foreclosure proceedings against his property. Not. Removal 2, May 20, 2013, ECF No. 1. After Defendants removed the case to the Court, Plaintiff filed his "Amended Petition for Declaratory Judgment, Requests for Disclosure and Request for Production." Pl.'s Am. Pet., June 24, 2013, ECF No. 11. Therein, Plaintiff claims that he was not given notice of default and opportunity to cure prior to acceleration, that he did not receive proper foreclosure notices, and that Defendants do not have standing or legal authority to bring a foreclosure claim against Plaintiff's property. Plaintiff also alleges a breach-of-contract claim and a fraud claim.[1] Id. 3–4.

On or about September 6, 2006, Plaintiff and his spouse, Lilian Santiago, "obtained a loan (the "Loan") from American's Wholesale Lender ("AWL") in the amount of $647,500 in connection with property located at 5545 Westside Drive, El Paso, Texas 79932." Mot. 3; Pl.'s Am. Pet. 2. Plaintiff and Lilian Santiago signed a promissory note (the "Note") and a Deed of Trust (the "Deed of Trust"), wherein they pledged the property (the "Property") as security for payment of the Note. Mot. 3; see Mot. Ex. A–1 (Note), A–2 (Deed of Trust); Resp. Ex. A (Note), B (Deed of Trust). Pursuant to the Note, Plaintiff was required to make monthly payments to AWL, its successors and assigns, until October 1, 2036. Mot. 4; see Mot. Ex. A–1 (Note); see also Resp. Ex. A (Note). Defendants allege that Plaintiff failed to make the required monthly payments, and that Plaintiff consequently defaulted on the Loan. Mot. 4; see Mot. Ex. A–4 (Payment History).

Defendants allege that on April 16, 2009, Countrywide Home Loans ("Countrywide"), BAC's predecessor in interest, "sent Plaintiff a Notice of Default via certified mail to the Property notifying him that the Loan was in default; of the amount needed to cure the default; and a date certain by which to do so in order to avoid acceleration." Mot. 4; id. Ex. A–5 (Notice of Default). Defendants claim that BAC engaged the law firm Barrett Daffin Frappier Turner & Engel ("Barrett Daffin") to initiate foreclosure proceedings against the Property. Mot. 4. Defendants allege that on March 31, 2013, Barrett Duffin sent "Notices of Acceleration and Sale to Plaintiff informing him … that the Property would be sold at a foreclosure sale on May 7, 2013." Mot. 5; id. Ex. B–1 (Notice of Acceleration and Sale). However, Plaintiff denies receiving foreclosure notices. Pl.'s Am. Pet. 3.

## II. LEGAL STANDARD

### A. Summary Judgment

A court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute of material fact exists if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be re-

---

1. While Plaintiff's Amended Petition lists a claim for fraud, in Plaintiff's Response, he states that he "is only proceeding under his declaratory judgment and breach of contract claims." Resp. 1.

solved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

■ In a motion for summary judgment, "[t]he moving party bears the initial burden of showing that there is no genuine issue for trial; it may do so by 'point[ing] out the absence of evidence supporting the nonmoving party's case.'" *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.,* 40 F.3d 698, 712 (5th Cir.1994) (quoting *Latimer v. Smithkline & French Labs.,* 919 F.2d 301, 303 (5th Cir.1990)). If the moving party has satisfied its initial burden, the nonmovant must then come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "This burden is not satisfied with 'some metaphysical doubt as to the material facts,' *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348, 'conclusory allegations,' *Lujan [v. Nat'l Wildlife Fed'n],* 497 U.S. [871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)], 'unsubstantiated assertions,' *Hopper v. Frank,* 16 F.3d 92 (5th Cir.1994), or only a 'scintilla' of evidence, *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082 (5th Cir.1994)." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

■ A court conducting summary-judgment analysis must "review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). Thus, a court should "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little,* 37 F.3d at 1075. A court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan,* 497 U.S. at 888, 110 S.Ct. 3177).

## III. ANALYSIS

### A. Defendants' Authority to Enforce the Loan

■ Plaintiff argues that the Bank of New York Mellon ("BONY") does not have the authority to enforce the Loan. Pl.'s Am. Pet. 3. Defendants argue, on the other hand, that their "summary judgment evidence demonstrates that BONY is the owner of the Loan." Mot. 6. In support of this argument, Defendants provide the Deed of Trust, which states that Mortgage Electronic Registration Systems, Inc. ("MERS")[2] "is a beneficiary under this Security Instrument."[3] Mot. Ex. A–2 (Deed of Trust). Defendants also provide an assignment document ("Assignment Document") that records the assignment of the Note and Deed of Trust from MERS

2. MERS was created for the purpose of tracking ownership interests in residential mortgages. "More specifically, MERS was created to streamline the mortgage process by eliminating the need to record an assignment and deliver physical possession of a promissory note, which is the conventional method of assigning a note secured by a deed of trust." *Calderon v. Bank of Am. N.A.,* 941 F.Supp.2d 753, 762 (W.D.Tex.2013) (internal citations omitted). For a helpful explanation of MERS, *see id.*

3. The Deed of Trust also states that "[t]he beneficiary of this Security Instrument is MERS ... and the successor and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extension and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of El Paso." Mot. Ex. A–2 (Deed of Trust).

to BONY, as Trustee for the Certificate Holders CWALT, Inc., Alternative Loan Trust 2006–30t1, Mortgage Pass–Through Certificates, Series 2006–30T1 ("as trustee for CWALT"). *Id.* Ex. A–3 (Assignment Document).

In response, Plaintiff argues that BONY lacks authority to enforce the Loan because BONY "is only acting as the trustee of the ·Defendant CWALT."[4] Resp. 7–8. Plaintiff provides the Note, the Deed of Trust, and the Prospectus Supplement for CWALT Inc.'s Alternative Loan Trust 2006–30T1 in support of his argument. Resp. Ex. D (Assignment Document), E (Prospectus Supplement). Regardless of this evidence, however, Plaintiff's argument fails as a matter of law.

■ Pursuant to Texas law, a nonjudicial foreclosure may be initiated by the current mortgagee, including " 'the grantee, beneficiary, owner, or holder of a security instrument;' a 'book entry system;' or 'the last person to whom the security interest has been assigned of record.' " *Farkas v. GMAC Mort., L.L.C.,* 737 F.3d 338, 342 (5th Cir.2013) (per curiam) (citing Tex. Prop.Code § 51.0001(4)). As detailed above, the Deed of Trust names MERS as beneficiary.[5] Mot. Ex. A–2 (Deed of Trust). Defendant provides proof that MERS assigned the Deed of Trust to BONY, as trustee for CWALT. Mot. Ex. A–3 (signed, notarized, and recorded by the county clerk). The Fifth Circuit "permits MERS and its assigns to bring foreclosure actions under the Texas Property Code." *Farkas,* 737 F.3d at 342 (relying on *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249 (5th Cir.2013)). BONY became the mortgagee as defined under Section 51.0001(4) by a valid and recorded assignment of the Deed of Trust and therefore is an appropriate party to initiate a nonjudicial foreclosure action against the Property. *See Farkas,* 737 F.3d at 342.

Plaintiff further argues that because BONY "has no legal authority, [ ] it cannot transfer any authority to BAC," the servicer of the Loan. Resp. 8. Plaintiff does not argue that BAC does not have the authority to service the Loan;[6] rather, he argues that, because BONY cannot initiate a foreclosure action against the Property, it cannot authorize BAC to do so. As explained above, however, BONY is an appropriate party to initiate a foreclosure action against the Property. *See Farkas,* 737

---

4. To the extent that Plaintiff may be arguing that BONY is acting as a trustee for Defendant CWALT and thus lacks the authority to enforce the Loan, this argument fails. Defendant BONY is the trustee for the loan trust, and thus has the authority to enforce the Loan.

5. Plaintiff does not argue the "split the note theory"—the argument that "a transfer of a deed of trust by way of MERS 'splits' the note from the deed of trust, thus rendering both null." *Martins,* 722 F.3d at 254. However, even if Plaintiff were to argue the split-the-note theory, this argument would fail. The Fifth Circuit has held that the split-the-note theory is "inapplicable under Texas law where the foreclosing party is a mortgage service provider and the mortgage has been

properly assigned." *Id.* at 255 ("The party to foreclose need not possess the note itself. Here, the mortgage was assigned to MERS, and then by MERS to BAC—the assignment explicitly included the power to foreclose by the deed of trust. ·MERS and BAC did not need to possess the note to foreclose.").

6. Plaintiff states that the "note further appears to be serviced by BAC." Resp. 7. Moreover, Defendants provide an affidavit from Becky Howell, the Chief Administrator of Foreclosure for BDF Holdings, Inc., an affiliated service provider for Barrett Daffin, which states that "BAC was servicing the loan on behalf of BONY." Mot. Ex. B, at 2 (Declaration of Becky Howell). Accordingly, the undisputed evidence proves that BAC is the servicer of the Loan.

F.3d at 342. As a result, the Court concludes that there is no genuine dispute as to whether BONY is an appropriate party to initiate a foreclosure action against the Property, and consequently can authorize BAC to foreclose on its behalf. Accordingly, Defendant's motion for summary judgment is granted as to Plaintiff's claim that Defendants lack authority to enforce the Loan.[7]

### B. Plaintiff's Standing to Enforce PSA

Neither party disputes that Plaintiff's mortgage was securitized in a mortgage pool that was governed by a Pooling and Services Agreement ("PSA"). Plaintiff argues that the PSA in this case "specifically identifies its closing date for adding any mortgages to the trust as September 28, 2009." Resp. 8; *id.* Ex. E (Prospectus Supplement), at S–4. Plaintiff argues that, because the "CWALT trust did not add Plaintiff's purported note to its prospectus until September 29, 2009," the PSA is void, and thus "no legal action

or remedy under the deed of trust or note can be taken." Resp. 8–9. In support of this argument, Plaintiff provides the Assignment Document, which assigns the Note and Deed of Trust from MERS to BONY, and the Prospectus Supplement for CWALT Inc.'s Alternative Loan Trust 2006–30T1. *See* Resp. Ex. D (Assignment Document), Ex. E (Prospectus Supplement).

Defendants argue that Plaintiff's arguments regarding the securitization of the Loan and compliance with the PSA "fail as a matter of law because Plaintiff lacks standing to enforce the PSA." Reply 3. The Court agrees: because Plaintiff does not argue in his Response that he is an intended third-party beneficiary of the PSA, or a party to the PSA, his claim fails as a matter of law. The Fifth Circuit has held that borrowers, as nonparties to the PSA, "have no right to enforce its terms unless they are its intended third-party beneficiaries."[8] *Farkas,* 737 F.3d at 342 (quoting *Reinagel v. Deutsche Bank Nat'l*

---

7. Plaintiff claims for the first time in his Response that Defendants lack the authority to enforce the Loan as to half of Plaintiff's property because "the purported note and deed of trust with the Defendants is only for the Texas side of the property not the New Mexico side." Resp. 5–6. In support of this argument, Plaintiff provides a "State of New Mexico Property Transfer Declaration Affidavit" signed by Plaintiff. Resp. Ex. C (Property Transfer Declaration Affidavit). Plaintiff provides no context for the document, failing to explain when the document was created, who created the document, or the purpose for which the document was created. The Court concludes that this exhibit is irrelevant to its decision in this case. Defendants seek to foreclose only on the property governed by the Note and Deed of Trust in this action; their authority to do so depends on the Note and Deed of Trust, not state borders.

8. Other federal district courts in Texas have also held that a mortgagor does not have standing to challenge an assignment of a

mortgage loan based on alleged violations of a PSA. *See Rodriguez v. U.S. Bank, N.A.,* No. SA–12–CV–345–XR, 2013 WL 3146844, at *7 (W.D.Tex. June 18, 2013) (Rodriguez, Dist. J.) (holding that plaintiffs lacked standing to enforce the terms of the PSA because they failed to establish that that the PSA was "clearly intended to benefit them or that they were going to receive a sufficiently immediate benefit from the PSA"); *Abruzzo v. PNC Bank, N.A.,* No. 4–11–CV–735–Y, 2012 WL 3200871, at *2 (N.D.Tex. July 30, 2012) (Means, Dist. J.) (holding that plaintiffs did not have standing to attack the process by which their mortgage was securitized because they were not parties to the PSA); *Metcalf v. Deutsche Bank Nat. Trust Co.,* No. 3:11–CV–3014–D, 2012 WL 2399369, *4 (N.D.Tex. June 26, 2012) (Fitzwater, C.J.) (holding that plaintiffs lacked standing to challenge alleged lack of compliance with the PSA because they have not pleaded facts that would "allow the court to draw the reasonable inference that they are in privity with or are third-party beneficiaries of the PSA").

Trust Co., 735 F.3d 220, 228–29 (5th Cir. 2013)). Further, the "Texas Supreme Court has established 'a presumption . . . that parties contracted for themselves' which applies 'unless it clearly appears that they intended a third party to benefit from the contract.' " Id. Plaintiff does not allege or provide any evidence that he is an intended third-party beneficiary to the PSA,[9] nor does he argue or provide evidence that he is a party to the PSA. As a result, he lacks standing to enforce the terms of the PSA, and his PSA-related challenges to BONY's authority to foreclose fail as a matter of law.

### C. Notice

■ Plaintiff argues in his Amended Petition that he did not receive proper foreclosure notices.[10] Pl.'s Am. Pet. 2. Defendants argue that these assertions are "baseless." Mot. 7. Pursuant to Texas law, a mortgage servicer must serve a debtor in default with written notice, sent by certified mail, that the "debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given." Tex. Prop.Code § 51.002(d). Defendants provide the Notice of Default (along with the certified mail receipt) sent to the Property by Countrywide (BAC's predecessor in interest) on April 16, 2009, which notifies Plaintiff that "(1) the loan is in default; (2) the amount needed to cure the default [i]s $12,343.00; and (3) he ha[s] until May 16, 2009—30 days—to cure the default." Mot. 8; see id. Ex. A–5 (Notice

of Default). Pursuant to the Texas Property Code, service of notice is complete when the notice is sent via certified mail. Tex. Prop.Code § 51.002(e); Martins, 722 F.3d at 256. Additionally, "the affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Id.; see Gossett v. Fed. Home Loan Mortg. Corp., 919 F.Supp.2d 852, 859 (S.D.Tex.2013) (internal citations omitted) ("Actual receipt of the notice is not necessary."). Defendants provide a declaration from Jessica L. Eisenhuth, Assistant Vice President, Operations Team Manager for BAC, in which she states that Countrywide (BAC's predecessor in interest) sent "via certified mail return receipt requested, a Notice of Default and Intent to Accelerate to Plaintiff on April 16, 2009." Mot. Ex. A, at 2 (Declaration of Jessica L. Eisenhuth). Thus, Defendants have satisfied their burden of proof by providing evidence of mailing the notice and an affidavit corroborating the mailing. Plaintiff was not required to receive the notice. See Martins, 722 F.3d 249 at 256 ("BAC satisfied its burden of proof by presenting evidence of mailing the notice and an affidavit to that effect. There is no requirement that Martins receive the notice.").

■ Pursuant to Texas law, notice of sale "must be given at least twenty-one days before the date by . . . serving written notice of the sale by certified mail on each debtor." Tex. Prop.Code. § 51.002(b)(3). Defendants provide a copy

---

9. Even if the Court were to accept Plaintiff's argument that New York law governs the interpretation of the PSA, Plaintiff does not have standing to challenge an assignment to which he was not a party. See Calderon v. Bank of America N.A., 941 F.Supp.2d 753, 766–67 (N.D.Tex.2013).

10. Plaintiff does not specify which sections of the Texas Property Code he relies upon when he alleges a deficiency of foreclosure notices.

See Pl.'s Am. Pet. 3. For the purposes of this Order, the Court will assess whether Defendants served Plaintiff with foreclosure notices pursuant to Texas Property Code § 51.002(b) and (d)—the sections of the Code that establish notice requirements. For a more in-depth explanation of these requirements, see Gossett v. Fed. Home Loan Mortg. Corp., 919 F.Supp.2d 852, 858–60 (S.D.Tex.2013).

of the Notice of Acceleration and Sale sent to Plaintiff on March 31, 2013, via certified mail. The letter notifies Plaintiff that "BONY ha[s] elected to accelerate the loan and that the property w[ill] be sold at a May 7, 2013 foreclosure sale." Mot. 8; *see id.* Ex B–1, at 1 (Notice of Acceleration and Sale). Further, Defendants include a sworn declaration from Becky Howell, the Chief Administrator of Foreclosure for BDF Holdings, Inc., an affiliated service provider for Barrett Daffin, on the issue of service. Mot. Ex. B, at 2 (Declaration of Becky Howell). Howell avers that Barrett Duffin sent Plaintiff, "via Certified Mail, return receipt requested, Notices of Acceleration and Sale informing him that Bank of America, N.A. as Successor by Merger to BAC was servicing the Loan on behalf of BONY; that BONY had accelerated the Loan due to his non-payment; and that the Property would be sold at a foreclosure sale on May 7, 2013." *Id.* Once again, Defendants have satisfied their burden of proof by presenting evidence of mailing, and an affidavit to that effect. Plaintiff was not required to receive the notice. *See Martins,* 722 F.3d 249 at 256.

Accordingly, the Court finds that Defendants have satisfied their burden of proof by presenting evidence that the Notice of Default and Intent to Accelerate, and Notice of Acceleration and Sale were mailed to Plaintiff, and affidavits to that effect. There is no requirement that Plaintiff receive the notices. Thus, summary judgment is proper as to Plaintiff's claim that Defendants failed to provide proper foreclosure notices.

### D. Breach of Contract

Defendants also argue that Plaintiff's breach-of-contract claim fails as a matter of law. The parties agree that in order to prevail on his breach-of-contract claim, Plaintiff must demonstrate: (1) the existence of a valid contract; (2) performance or tentative performance by the Plaintiff; (3) breach of contract by the Defendants; and (4) damage resulting to the Plaintiff from the breach. *See Worldwide Asset Purchasing, LLC v. Rent–A–Ctr. E., Inc.,* 290 S.W.3d 554, 561 (Tex.App.-Dallas 2009, no pet.) (internal citations omitted); Mot. 8–9; Resp. 9.

Defendants argue that they were authorized to "take the actions regarding foreclosure [of] the Loan, and did so according to the Note, Deed of Trust and applicable law." Mot. 9. In support of this argument, Defendants provide copies of the Note, Deed of Trust, and Assignment Document. *Id.* Ex. A–1 (Note), Ex. A–2 (Deed of Trust), Ex. A–3 (Assignment Document). In response, Plaintiff argues that "[b]ecause AWL ... voluntarily surrendered its ownership of the deed of trust and note, and CWALT ownership is void, now no Defendant can deliver an unencumbered deed to Plaintiff and Plaintiff has no person or entity to tender payments to that is contractually bound to receive payments and that can deliver Plaintiff's unencumbered deed." Resp. 10. As outlined above in Part III.A, Defendants have authority to foreclose on the Property; thus Plaintiff's breach-of-contract claim fails as a matter of law.

Additionally, Defendants argue that Plaintiff does not plead, or provide evidence, as to several of the elements of a breach-of-contract claim. Notably, Defendants claim that Plaintiff does not allege performance or tentative performance. Plaintiff does not provide evidence that he performed or tentatively performed on the Loan. On the other hand, Defendants provide evidence that Plaintiff defaulted on the Loan. *See* Mot. Ex. A–4 (Loan History). Texas law provides that "a party to a contract who is himself in default cannot maintain a suit for its breach." *Dobbins v. Redden,* 785 S.W.2d 377, 378 (Tex.1990).

Similarly, "[a]n essential element in obtaining the equitable remedy of specific performance is that the party seeking such relief must plead and prove he was ready, willing and able to timely perform his obligations under the contract." *Rodriguez v. U.S. Bank, N.A.*, No. SA12–CV–345–XR, 2013 WL 3146844, at *12 (W.D.Tex. June 18, 2013) (quoting *DiGiuseppe v. Lawler*, 269 S.W.3d 588, 593 (Tex.2008)). Here, Plaintiff provides no evidence that he performed his payment obligations under the terms of the Note and Deed of Trust. Accordingly, Defendant is entitled to summary judgment on Plaintiff's breach-of-contract cause of action. *See id.* at *12 ("Plaintiffs concede that they 'fell behind on their mortgage.' . . . Accordingly, [d]efendant is entitled to summary judgment on [p]laintiffs' breach of contract cause of action.").

### E. Declaratory Judgment

 Finally, Plaintiff requests that the Court "declar[e] the [f]oreclosure to be without force and effect." Pl.'s Am. Pet. 3. Plaintiff seeks a declaratory judgment pursuant to Chapter 37 of the Texas Declaratory Judgment Act, however, the Fifth Circuit has held that this act is a procedural rule that does not apply to a federal court sitting in diversity. *See Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir.1998); *see also Van v. Anderson*, 66 Fed.Appx. 524, *2 (5th Cir. 2003) (per curiam). Further, even if Plaintiff had brought his claims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, his claims would fail. To be entitled to declaratory relief under the Federal Declaratory Judgment Act, a plaintiff must allege facts demonstrating that an " 'actual controversy' exists between the parties to the action." *Orix Credit Alliance v. Wolfe*, 212 F.3d 891 (5th Cir.2000) (citing *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 27–28 (5th Cir.1989)); *see*

*also Calderon v. Bank of America, N.A.*, 941 F.Supp.2d 753, 768 (W.D.Tex.2013) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)) ("The Act does not create substantive rights; it is merely a procedural device that enhances the remedies available to plaintiffs in federal court.").

As detailed above, an "actual controversy" does not exist regarding Defendants' authority to foreclose on the Property. In the absence of a controversy, Plaintiff's request for declaratory relief must be denied. Accordingly, the Court grants summary judgment for Defendants on this claim.

### IV. CONCLUSION

In the instant case, BAC Home Loans Servicing, L.P. and the Bank of New York Mellon have demonstrated that there is no genuine dispute of material fact as to Plaintiff's claims.

Accordingly, **IT IS ORDERED** that Defendants' "Motion for Summary Judgment and Brief in Support" (ECF No. 32) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITH PREJUDICE.**