**REVERSE and RENDER in part; AFFIRMED and Opinion Filed January 17, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01240-CV

**WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN ABS MORTGAGE LOAN TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1, Appellant**

**V.**

**KINGMAN HOLDINGS, LLC, AS TRUSTEE FOR PROVINE ROAD 3512 LAND TRUSTS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-02990-2016**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Nowell
Opinion by Justice Reichek

In this action to authorize a non-judicial foreclosure, Wells Fargo Bank, National Association, as Trustee for Lehman ABS Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 ("Wells Fargo") appeals the trial court's judgment that it take nothing on its declaratory judgment claim against Kingman Holdings, LLC, as Trustee for Provine Road 3512 Land Trusts ("Kingman"). In two issues, Wells Fargo contends that the trial court erred in (1) determining it did not have capacity to bring this suit and (2) failing to declare Kingman's interest in the property at issue was subject to Wells Fargo's superior lien. In a cross-appeal, Kingman contends that the trial court erred in rendering a final judgment that was internally inconsistent and failed to comply with rule 309 of the Texas Rules of Civil Procedure. After

reviewing the record, we reverse the trial court's judgment in part and render judgment in favor of Wells Fargo on its claim against Kingman. The judgment is affirmed in all other respects.

## Factual Background

In March 2007, Garry and Sherie Ann Woomer purchased a home in McKinney, Texas. In connection with the purchase, the Woomers executed a note and deed of trust/first lien security instrument. The beneficiary of the security instrument was Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee of the Lender, Resmae Mortgage Corportation. Through a series of assignments, the instrument was eventually transferred to Wells Fargo.

On July 26, 2013, Hidden Creek Community Association, a home owners association, filed a notice of lien on the Woomers property for unpaid assessments. In the association's Declaration of Covenants, Conditions, and Restrictions, it acknowledged that any assessment lien it had was not superior to a first mortgage lien of record made in good faith and for value. The association subsequently foreclosed on its assessment lien and Kingman purchased the property at a public auction.

On July 13, 2016, Wells Fargo filed this suit against Kingman and the Woomers contending the Woomers were in default on the monthly payments due under the note. Wells Fargo sought a declaratory judgment to establish its lien and allow it to proceed with a non-judicial foreclosure on the property. Wells Fargo also sought a declaration that Kingman's interest in the property was subject to Wells Fargo's superior lien. Attached to the petition were copies of the note, the security instrument, documents showing the chain of assignments of the security instrument from MERS to Wells Fargo, notices of default sent to the Woomers, Hidden Creek Community Association's notice of lien, the assessment lien deed conveying the property to Kingman, and the relevant portions of the association's Declaration of Covenants, Conditions, and Restrictions.

Kingman answered and asserted a verified plea challenging Wells Fargo's ability to sue and/or recover in the capacity in which it sued. The Woomers did not file an answer and the trial court signed a default judgment against them on May 17, 2017. The default judgment stated Wells Fargo was permitted to proceed with the non-judicial foreclosure under the terms of the security instrument.

A trial before the court on Wells Fargo's claim for declaratory judgment against Kingman was conducted on June 13, 2017. The only issue addressed at the trial was Well Fargo's capacity to bring this suit. To demonstrate capacity, Wells Fargo submitted into evidence copies of the assignments of the security instrument with the last assignment being to "Wells Fargo Bank, National Association, as Trustee for Lehman ABS Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1." These documents were admitted without objection.

In response, Kingman submitted an "attestation" signed by Larry Mills, a records and information management specialist for the Securities and Exchange Commission. Mills attested that "[a] diligent search has this day been made of the records and files of this Commission, and the records and files do not disclose that any filings have been received in this Commission under the name of Lehman ABS Mortgage Loan Trust 2007-1, or Lehman ABS Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1, pursuant to any of the Acts administered by the Commission." Kingman argued the attestation showed that the trust of which Wells Fargo claimed to be trustee did not exist "or at least [was] not found in the records of the Securities and Exchange Commission." The court requested additional briefing on the capacity issue.

Wells Fargo filed a post-trial brief arguing, among other things, that the attestation submitted by Kingman was irrelevant because Kingman made no showing the trust was required to register with the SEC or submit filings. Kingman responded that its verified plea and the

evidence it submitted placed the burden on Wells Fargo to prove its capacity and it failed to do so. Several months later, the court rendered final judgment that Wells Fargo take nothing by its claim against Kingman. The judgment incorporated the earlier interlocutory default judgment against the Woomers, rendering that judgment final. Although requested by Wells Fargo, the trial court filed no findings of fact or conclusions of law. Wells Fargo filed a motion for partial new trial on its claim for declaratory judgment against Kingman which was overruled by operation of law. This appeal followed.

**Analysis**

**A. Wells Fargo's Appeal**

Wells Fargo contends the evidence is insufficient to support the trial court's denial of its request for declaratory judgment as to Kingman. It argues it conclusively established its capacity to sue and the superiority of its first mortgage lien. We review declaratory judgments under the same standards as other judgments and look to the procedure used to resolve the issue at trial to determine the standard of review on appeal. *Berryman's South Fork, Inc. v. J. Baxter Brinkmann Int'l Corp.*, 418 S.W.3d 172, 196 (Tex. App.—Dallas 2013, pet. denied). In a trial to the court where no findings of fact or conclusions of law are filed, all facts necessary to the judgment and supported by the evidence are implied. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Van Dam v. Lewis*, 307 S.W.3d 336, 339 (Tex. App.—San Antonio 2009, no pet.). However, when the appellate record includes the reporter's and clerk's records, as it does in this case, the implied findings may be challenged for legal and factual sufficiency. *BMC Software*, 83 S.W.3d at 795. An argument that the evidence conclusively establishes the opposite of a fact essential to the trial court's judgment is a challenge to the legal sufficiency of the evidence. *In re Estate of Rhea*, 257 S.W.3d 787, 790 (Tex. App.—Fort Worth 2008, no pet.). If there is more than a scintilla of evidence to support the implied finding, the legal sufficiency challenge fails.

–4–

*BMC Software*, 83 S.W.3d at 795. We review a trial court's legal conclusions de novo. *Pickelner v. Adler*, 229 S.W.3d 516, 524 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

### 1. Capacity

The only issue contested at trial was Wells Fargo's capacity to bring this suit as trustee for Lehman ABS Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1. In its first issue on appeal, Wells Fargo argues the trial court erred in rendering judgment against it on its claim against Kingman because it conclusively established its right to enforce the deed of trust in the capacity in which it sued. Under Texas law, a non-judicial foreclosure may be initiated by the last person to whom the security interest has been assigned of record. *Santiago v. BAC Home Loans Servicing, L.P.*, 20 F.Supp.3d 585, 589 (W.D. Tex. 2014). At trial, Wells Fargo submitted documentary evidence showing a chain of assignments of the security instrument from the original mortgagee to Wells Fargo as trustee for Lehman ABS Mortgage Loan Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1. Kingman made no objection to the admission of this evidence.

Kingman did not dispute at trial, and does not contest on appeal, that Wells Fargo is the last entity to which the deed of trust was assigned. Instead, Kingman asserts it produced evidence showing the trust named in the assignment does not exist and Wells Fargo failed to refute this evidence. We conclude that Kingman's evidence purporting to show the trust does not exist amounts to no evidence of this alleged fact and, therefore, Wells Fargo's evidence demonstrating it was the current holder of the security instrument was sufficient to establish its capacity. *See id.*

The only evidence submitted by Kingman to show the trust does not exist was an "attestation" stating there was no record of any filings made by the trust with the SEC. Kingman produced no evidence, however, that the trust was required to submit filings to the SEC. Absent such evidence, the attestation is meaningless. *See Grapevine Diamond, L.P. v. City Bank*, No. 05-

14-00260-CV, 2015 WL 8013401, at *4 (Tex. App.—Dallas Dec. 7, 2015, pet. denied) (mem. op.) (evidence bank failed to file assumed name certificate did not create fact issue without evidence it was required to do so). Furthermore, even if the trust was required to submit filings to the SEC, its failure to do so would suggest only that the trust was not in compliance with SEC regulations, not that it was not a bona fide legal entity. *See Flores v. BAC Home Loans Servicing, L.P.*, No. 04-12-00598-CV, 2013 WL 4483422, at *3 (Tex. App.—San Antonio Aug. 21, 2013, no pet.) (mem. op.) (affidavit stating plaintiff had no notice of assignment showed only plaintiff was unaware of assignment and was no evidence assignment did not occur).

In addition, Kingman has made no showing that the trust's failure to submit filings to the SEC, even if required to do so, would render Wells Fargo without capacity to bring this suit. Kingman cites *Coastal Liquids Transp., L.P. v. Harris Cty. Appraisal Dist.*, 46 S.W.3d 880 (Tex. 2001) for the proposition that the burden was on Wells Fargo to prove its capacity was not affected by its apparent failure to make SEC filings. Kingman's reliance on *Coastal Liquids* is misplaced.

In *Coastal Liquids*, the defendant submitted evidence showing the plaintiff did not properly register or pay the applicable fees required of a foreign limited partnership transacting business in Texas. *Id* at 885. Under the Texas Revised Limited Partnership Act, the plaintiff was required to register and pay all amounts owing to the secretary of state before it could maintain an action, suit, or proceeding in Texas. *Id*. at 884. Because the plaintiff failed to produce evidence showing it had met these statutory requirements, the court held it lacked capacity to bring suit. *Id*. at 885. Unlike the facts presented in *Coastal Liquids,* Kingman cites no law, and we have found none, that would deprive Wells Fargo of legal authority to sue in Texas based on a failure to submit required filings to the SEC. Wells Fargo was not obligated to offer evidence to contradict the attestation tendered by Kingman because the statements made in the attestation did not demonstrate Wells Fargo lacked capacity to sue. We conclude that Wells Fargo's evidence that it was the last entity

to which the security interest was assigned was sufficient to conclusively show it had capacity to bring this foreclosure action. We resolve Wells Fargo's first issue in its favor.

**2. Superiority of Lien**

In its second issue, Wells Fargo contends the trial court erred in failing to grant its request for a judgment declaring that it has a valid and subsisting first lien on the property superior to the assessment lien foreclosed on by the homeowners association. The general rule is that the successful bidder at a junior lien foreclosure sale takes title to the property subject to the prior liens and is charged with primary liability for payment of the prior debt to prevent loss of the property by foreclosure. *Conversion Props., L.L.C. v. Kessler*, 994 S.W.2d 810, 813 (Tex. App.—Dallas 1999, pet. denied). The priority of a lien is generally established by the date it is recorded. *See AMC Mortg. Servs. Inc. v. Watts*, 260 S.W.3d 582, 585 (Tex. App.—Dallas 2008, no pet.). A purchaser of real property is bound by every recital, reference, and reservation contained in or fairly disclosed by an instrument that forms an essential link in the chain of title under which it claims. *Disanti v. Wachovia Bank, NA,* No. 2-08-330-CV, 2009 WL 1372970, at *3 (Tex. App.—Fort Worth May 14, 2009, pet. denied). Furthermore, the purchaser is charged with knowledge of all facts appearing in the chain of title that would lead a reasonably prudent person to inquire as to the rights of other parties in the property conveyed. *Id.*

In this case, the evidence submitted at trial included copies of (1) the Declaration of Covenants, Conditions, and Restrictions for the Hidden Creek Community Association filed in the Collin County property records on February 25, 1997, (2) the original security instrument signed by the Woomers and filed in the Collin County property records on April 3, 2007, and (3) the assessment lien deed filed in the Collin County property records on May 16, 2014 under which Kingman claimed title to the property. The evidence conclusively showed that the first mortgage lien assigned to Wells Fargo was the first filed lien in this case. The assessment lien deed issued

to Kingman identified the Woomers as the owners of the property and stated it was transferring the property "together with all and singular, the rights and appurtenances thereto in anyway belonging" to them. The assessment lien deed also referenced the Declaration which stated that any assessment lien would be subordinate to a recorded first mortgage lien. By virtue of these references, the assessment lien deed put Kingman on at least inquiry notice of a superior first mortgage lien. *Id.*

Kingman presented no evidence at trial, and makes no argument on appeal, that the assessment lien by which it obtained title to the Woomers's property was superior to Wells Fargo's first mortgage lien. We conclude the trial court erred in denying Wells Fargo's request for a declaratory judgment. We resolve Wells Fargo's second issue in its favor.

## B. Kingman's Cross-Appeal

In its cross-appeal, Kingman first contends that the portion of the trial court's judgment incorporating the default judgment against the Woomers and allowing Wells Fargo to foreclose its lien on the property is inconsistent with the portion of the judgment denying Wells Fargo's request for a declaratory judgment on the validity and priority of its lien. Because we have concluded that the trial court erred in failing to grant Wells Fargo the declaratory judgment it requested, it is unnecessary for us to address this issue.

### 1. Texas Rule of Civil Procedure 309

In its second issue, Kingman contends the default judgment authorizing the non-judicial foreclosure of Wells Fargo's lien is void for failing to comply with rule 309 of the Texas Rules of Civil Procedure. Kingman concedes in its brief that rule 309 applies only to judicial foreclosures. *See Brown v. EMC Mortg. Corp.*, 326 S.W.3d 648, 654 (Tex. App.—Dallas 2010, pet. denied). It argues, however, that because Wells Fargo requested, and was granted, a writ of possession under

rule 310, the judgment was somehow converted into one for judicial rather than non-judicial foreclosure.[1] Kingman cites no authority to support this argument.

Wells Fargo's petition specifically requested a judgment authorizing a non-judicial foreclosure of its lien. The default judgment granted by the trial court states repeatedly that Wells Fargo may proceed with a non-judicial foreclosure. Kingman does not challenge, and we express no opinion on the propriety of granting a writ of possession under rule 310 in this case. But the granting of such a writ does not, in and of itself, change the nature of the foreclosure relief sought in the petition and granted in the judgment. *Cf. Santiago v. Cent. Mortg. Co.*, No. 05-14-00552-CV, 2015 WL 1805048, at *2 & *3 n.5 (Tex. App.—Dallas April 21, 2015, pet. denied) (mem. op.) (plaintiff sought and was granted writ of possession under rule 310 in non-judicial foreclosure suit). We resolve Kingman's second issue against it.

## C. Conclusion

Based on the foregoing, we reverse the portion of the trial court's judgment holding that Wells Fargo take nothing by its claim against Kingman and render judgment declaring that Wells Fargo has a valid and subsisting superior lien on the property. We affirm the trial court's judgment in all other respects.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

171240F.P05

---

[1] The security instrument states that if the property is sold to satisfy the lien, the borrower, or any person holding possession of the property through the borrower, must immediately surrender possession or that person "may be removed by writ of possession or other court proceeding."



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN ABS MORTGAGE LOAN TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1, Appellant

No. 05-17-01240-CV        V.

KINGMAN HOLDINGS, LLC, AS TRUSTEE FOR PROVINE ROAD 3512 LAND TRUSTS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-02990-2016.
Opinion delivered by Justice Reichek.
Justices Schenck and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED IN PART** and judgment is **RENDERED** declaring that Wells Fargo has a valid and subsisting superior lien on the Property. The judgment is **AFFIRMED** in all other respects.

It is **ORDERED** that appellant WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN ABS MORTGAGE LOAN TRUST 2007-1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-1 recover its costs of this appeal from appellee KINGMAN HOLDINGS, LLC, AS TRUSTEE FOR PROVINE ROAD 3512 LAND TRUSTS.

Judgment entered January 17, 2019