**HARRIS COUNTY EMERGENCY SERVICES DISTRICT NO. 2 and Harris County Rural Fire Prevention District No. 6, Appellants,**

**v.**

**HARRIS COUNTY APPRAISAL DISTRICT, Harris County Appraisal Review Board, Jim Robinson, Chief Appraiser of the Harris County Appraisal District, Champion International Corporation, Lyondell Petrochemical Company, Equistar Chemical, L.P., and Donohue Industries, Inc., Appellees.**

No. 14–00–00851–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 2001.

Publication Ordered April 24, 2002.

---

14. *Id.* at 96.

15. *See Maryland v. Garrison*, 480 U.S. 79, 86–88, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987).

16. *See id.* at 88, 107 S.Ct. 1013.

17. *Ante,* op. at 451.

18. *Id.*

C. Charles Dippel, Houston, for appellants.

Keith Duane Jaasma, Kenneth Wall, Charles Tynan Buthod, Houston, for appellees.

Panel consists of Justices ANDERSON, HUDSON, and FROST.

## OPINION

J. HARVEY HUDSON, Justice.

Harris County Emergency Services District No. 2 ("ESD") and Harris County Rural Fire Prevention District No. 6 ("RFPD") (collectively, "the Districts") appeal from the trial court's order denying their motion for partial summary judgment and granting the motion for summary judgment of appellees Champion International Corporation ("Champi-

on"), Lyondell Petrochemical Company ("Lyondell"), Equistar Chemical, L.P. ("Equistar"), and Donohue Industries, Inc. ("Donohue") (collectively, the "Industry Defendants"). The issues before this court are: (1) whether the Districts, as political subdivisions of the State of Texas, have standing and capacity to challenge the constitutionality of the provisions of the Health and Safety Code under which the Industry Defendants' properties were excluded from the Harris County tax appraisal rolls; (2) whether the Districts' challenges for the 1998 tax year are untimely for failure to exhaust administrative remedies or waived for failure to file a timely petition for review; (3) whether the statutory provisions establish jurisdictional boundaries, and thus are not subject to review by the courts; and (4) whether the statutory provisions are constitutional. We affirm.

**Factual and Procedural Background**

ESD and RFPD are political subdivisions of the State of Texas that were formed in 1991 to provide emergency medical and fire prevention and control services in Harris County, Texas. TEX. HEALTH & SAFETY CODE ANN. §§ 775.031 & 794.031 (Vernon 1992 & Supp.2001). ESD was created pursuant to statutory provisions authorized by Article III, section 48–e, of the Texas Constitution. Act of June 14, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 3085. RFPD was created pursuant to statutory provisions authorized by Article III, section 48–d, of the Texas Constitution. Act of June 14, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 3123.

In 1997, Harris County Appraisal District ("HCAD") added a paper mill and wastepaper recycling facility (the "Mill") owned by Champion and located in eastern Harris County to the Districts' tax appraisal rolls for 1997 and the four preceding tax years. Thereafter, Champion filed timely protests with the appraisal review board ("ARB") in which it claimed that it maintained on-site emergency services at the Mill, and was thus not within the taxing jurisdictions of the Districts under sections 775.032 and 794.032 of the Health and Safety Code.[1] Following an investiga-

---

1. Section 775.032, under which ESD operates and by which it is affected as a taxing entity, provides:

    (a) A business entity is not subject to the ad valorem tax authorized by this chapter or subject to the district's powers if the business entity:

    (1) provides its own fire prevention and fire control services and owns or operates fire-fighting equipment or systems equivalent to or better than those of a Class I rural fire prevention district, metropolitan county fire protection system, as defined by the State Board of Insurance, for which the business entity receives the appropriate approval from the Texas Industrial Fire Training Board of the State Firemen's and Fire Marshals' Association of Texas;

    (2) provides and operates its own equipped industrial ambulance with a licensed driver and provides industrial victim care by an emergency care attendant trained to provide the equivalent of ordinary basic life support, as defined by Section 773.003; and

    (3) provides ordinary emergency services for the business entity, such as emergency response, as defined by 29 C.F.R. Sec. 1910.120, rescue, disaster planning or security services, as recognized by the Texas Industrial Fire Training Board of the State Firemen's and Fire Marshals' Association of Texas, and provides the equipment, training, and facilities necessary to safely handle emergencies and protect the business entity and its neighbors in the community.

    (b) This section shall not be construed to exempt a business from a sales and use tax authorized by Section 775.0751.

TEX. HEALTH & SAFETY CODE ANN § 775.032 (Vernon 1992). Section 794.032, under

tion, HCAD determined that the Mill's emergency services satisfied statutory requirements, and, pursuant to settlement agreements, reversed the changes to the Districts' 1997 appraisal rolls regarding the Mill.

In an attempt to invalidate the settlements, on August 22, 1997, the Districts filed challenge petitions with the ARB. Finding that (1) the Districts' challenges were not timely filed,[2] (2) the settlements were final, (3) a tax jurisdiction was not authorized to challenge the constitutionality of a state statute, and (4) the Districts' failed to properly delegate the authority to initiate the challenge petitions, the ARB dismissed the challenges on August 25, 1997. The Districts then filed suit against the ARB, the HCAD, Jim Robinson ("Robinson"), Chief Appraiser of HCAD, and Champion seeking a declaratory judgment (1) that they were fraudulently induced not to file timely challenges, (2) that sections 775.032 and 794.032 were unconstitutional, (3) that the settlements were ineffective to exclude the Mill from the tax rolls, and (4) for other relief.

In 1998, the Districts filed new challenge petitions with the ARB, complaining of the exclusion of the property of Champion, Lyondell, and Equistar from the tax rolls for the years 1993–1998, and asking the ARB to order Robinson to include their property on the rolls because written applications for exclusion had not been filed with the HCAD.[3] The ARB held a consolidated hearing on July 10, 1998, and denied the challenges. The Districts then added Lyondell and Equistar as defendants in this suit and amended their pleadings to include grounds relating to the ARB's denial of their 1998 challenges.

On December 18, 1998, the Districts moved for partial summary judgment on their request for declaratory relief, arguing that sections 775.032 and 794.032 of the Health and Safety Code were not expressly recognized in the Texas Constitution, and thus the legislature had no power to enact them.[4] On March 28, 1999, the trial court denied the Districts' motion for partial summary judgment.

The Districts filed challenge petitions with the ARB for the 1999 tax year, re-

which RFPD operates and by which it is affected as a taxing entity, states:

A business entity located in the district is not subject to the tax authorized by this chapter or subject to the district's powers if the business entity:

(1) provides its own fire protection;

(2) receives the appropriate certification from the Texas Industrial Fire Training Board; and

(3) owns or operates fire-fighting equipment equivalent to or better than a Class I Rural Fire Prevention District or Metropolitan County Fire Protection System, as defined by the State Board of Insurance on September 1, 1985.

*Id.* § 794.032.

2. An appraisal review board "is not required to hear or determine a challenge unless the taxing unit initiating the challenge files a petition with the board before June 1 or within 15 days after the date that the appraisal records

are submitted to the appraisal review board, whichever is later." TEX. TAX CODE ANN. § 41.04 (Vernon 1992).

3. Lyondell owned and operated a petrochemical plant (the "Plant") in Harris County. On December 1, 1997, the Plant was conveyed to Equistar. As with the Mill, HCAD had determined that the Plant satisfied the requirements of sections 775.032 and 794.032, and was thus not within the taxing jurisdiction of the Districts for 1997 and prior tax years.

4. Specifically, the Districts claimed that the constitutional provisions allowing for the creation of rural fire prevention and emergency services districts did not expressly permit a tax exemption or exclusion from taxation for certain businesses having fire and/or ambulance protection. As the Districts could find no other exemption provided for in the Texas Constitution, they argued sections 775.032 and 794.032 were null and void.

questing a reversal of HCAD's determination that neither the Mill nor the Plant would be added to the appraisal rolls for the tax years 1994–1999. These challenges again proved unavailing, and the Districts filed suit against the ARB, the HCAD, Robinson, Champion, Lyondell, Equistar, and Donohue,[5] seeking the same declaratory judgment of the unconstitutionality of sections 775.032 and 794.032. That lawsuit was consolidated with the 1997 lawsuit on February 28, 2000.

After consolidation, as they acknowledge, the Districts principally sought a declaratory judgment of the unconstitutionality of sections 775.032 and 794.032. Subject to and derived from this determination, the Districts sought (1) a declaration that the 1997 settlements were ineffective and void, (2) a declaration that the Mill and Plant were subject to taxation for the years 1991–1999, and (3) a declaration that Champion, Donohue, Lyondell, and Equistar did not meet the requirements of sections 775.032 and 794.032, even assuming constitutionality.

On February 28, 2000, the Industry Defendants moved to dismiss for want of jurisdiction or, in the alternative, for summary judgment. As part of their response, the Districts requested reconsideration of their December 18, 1998, motion for partial summary judgment. The trial court (1) granted the Industry Defendants' motion for summary judgment on June 12, 2000, (2) denied the Districts' motion for partial summary judgment, (4) dismissed with prejudice the consolidated lawsuit, and (4) assessed costs against the District.

### Standard of Review

When both sides move for summary judgment and the trial court grants one motion and denies the other, the reviewing court should examine both sides' summary judgment evidence and determine all questions presented. *FM Properties Operating Co. v. City of Austin,* 22 S.W.3d 868, 872 (Tex.2000). The reviewing court should render the judgment that the trial court should have rendered. *Id.* Where, as here, a trial court grants summary judgment without specifying a ground therefor, the reviewing court must uphold the decision if any of the grounds advanced by a party are meritorious. *Id.; Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995).

### Standing and Capacity

In their first issue, the Districts contend they have both standing and capacity to challenge the constitutionality of sections 775.032 and 794.032 of the Health and Safety Code, and thus the trial court erred in granting summary judgment on that basis.

"A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996) (emphasis in original). Standing and capacity are thus distinct issues. *Hotze v. Brown,* 9 S.W.3d 404, 413 (Tex.App.— Houston [14th Dist.] 1999), *rev'd on other grounds, Brown v. Todd,* 53 S.W.3d 297 (Tex.2001) (noting that the circumstances affecting capacity to sue include, but are not limited to, "infancy, assumed names, alienage, insanity, executor status, and status as a corporate plaintiff"). Significantly, capacity concerns whether a person or entity can file any lawsuit, not a specific one. *Id.*

The Industry Defendants assert the Districts lack "capacity" to challenge

---

**5.** Champion sold the Mill to Donohue on June 1, 1998.

the constitutionality of sections 775.032 and 794.032 of the Health and Safety Code. The Districts, however, undoubtedly have capacity, as, by statute, they may sue or be sued. *See* Tex. Health & Safety Code Ann. §§ 775.031(a)(4), 794.031(4) (Vernon 1992). The gist of the argument, as we understand it, pertains not to whether the Districts can bring any lawsuit, but rather whether they can bring this one. As such, the appellees' contentions are germane to standing, not capacity.

■ In order for a court to have subject matter jurisdiction, the party bringing suit must have standing. *Texas Ass'n of Bus. v. Texas Air Control Board.*, 852 S.W.2d 440, 443–46 (Tex.1993). The general test for standing in Texas requires that there (a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought. *Wilson v. Andrews*, 10 S.W.3d 663, 669 (Tex.1999). The Districts thus have standing if they have "alleged concrete injuries and have asked for a remedy that, if granted, would end the controversy." *Id.*

The Districts do not assert that they were deprived of due process or equal protection. Rather, they claim only that sections 775.032 and 794.032 of the Health and Safety Code create ad valorem tax exemptions that are violative of article VIII, section 2 of the Texas Constitution.[6] The Districts allege they are injured, therefore, through diminution of their tax revenues by means of these allegedly unconstitutional exemptions.

■ "A municipal corporation or other government subdivision can bring a constitutional challenge based on a provision outside the bill of rights and its guarantees to 'persons' and 'citizens.' " *Proctor v. Andrews*, 972 S.W.2d 729, 734 (Tex.1998). In order to do so, however, the Texas Supreme Court has recognized that the subdivision must be "charged with implementing a statute it believes violates the Texas Constitution." *Id.* (quoting *Nootsie, Ltd. v. Williamson Co. Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex.1996)). The Districts do not implement sections 775.032 and 794.032 of the Health and Safety Code, in

6. For this argument, the Districts rely upon subsection (a) of article VIII, section 2, which provides:

All occupation taxes shall be equal and uniform upon the same class of subjects within the limits of the authority levying the tax; but the legislature may, by general laws, exempt from taxation public property used for public purposes; actual places of religious worship, also any property owned by a church or by a strictly religious society for the exclusive use as a dwelling place for the ministry of such church or religious society; provided that such exemption shall not extend to more property than is reasonably necessary for a dwelling place and in no event more than one acre of land; places of burial not held for private or corporate profit; solar or wind-powered energy devices; all buildings used exclusively and owned by persons or associations of persons for school purposes and the necessary furniture of all schools and property used exclusively and reasonably necessary

in conducting any association engaged in promoting the religious, educational and physical development of boys, girls, young men or young women operating under a State or National organization of like character; also the endowment funds of such institutions of learning and religion not used with a view to profit; and when the same are invested in bonds or mortgages, or in land or other property which has been and shall hereafter be bought in by such institutions under foreclosure sales made to satisfy or protect such bonds or mortgages, that such exemption of such land and property shall continue only for two years after the purchase of the same at such sale by such institutions and no longer, and institutions engaged primarily in public charitable functions, which may conduct auxiliary activities to support those charitable functions; and all laws exempting property from taxation other than the property mentioned in this Section shall be null and void. Tex. Const. art. VIII, § 2(a).

that they do not "give practical effect to and ensure of actual fulfillment by concrete measures" these statutory provisions. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1134 (1993). Instead, the implementation of sections 775.032 and 794.032 is within the purview of the HCAD. The Districts may "impose" taxes on property within their boundaries under the Health and Safety Code,[7] but the HCAD determines whether business entities that provide their own emergency and fire prevention services are subject to such taxation under sections 775.032 and 794.032. TEX. HEALTH & SAFETY CODE ANN. §§ 775.0741, 794.075 (Vernon Supp.2000); TEX. TAX CODE ANN. § 6.01 (Vernon 1992) (stating that each appraisal district "is responsible for appraising property in the district for ad valorem tax purposes of each taxing unit that imposes ad valorem taxes on property in the district"). The mere fact that the Districts are aggrieved by the HCAD's implementation of sections 775.032 and 794.032 does not afford them a sufficient stake in this controversy to confer standing. *See Nootsie, Ltd.*, 925 S.W.2d at 662.

Accordingly, we overrule the Districts' first issue. Because we conclude that summary judgment was properly granted for the Industry Defendants on the ground that the Districts lacked a justiciable interest, we need not address their remaining issues. We affirm the summary judgment of the trial court.

7. Further weakening ESD's claim of standing is the fact that, prior to September 1, 1999, they were not authorized to, and did not, impose ad valorem taxes. Act of May 5, 1991, 72nd Leg., R.S., ch. 14, 1991 Tex. Gen. Laws 214 (amended 1999) (current version at TEX. HEALTH & SAFETY CODE ANN. § 775.0741 (Vernon Supp.2000)). Instead, the Health and Safety Code provided that ad valorem taxes which benefitted an emergency services district located wholly within a county having a population of more than 2.4 million, such as ESD, were imposed not by the board of the emergency services district but by the commissioners court of such county. *Id.*