ACCEPTED
03-16-00038-CV
11224329
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/20/2016 11:15:09 AM
JEFFREY D. KYLE
CLERK

NO. 03-16-00038-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/20/2016 11:15:09 AM
JEFFREY D. KYLE
Clerk

CITY OF AUSTIN,
Appellant,

v.

TRAVIS CENTRAL APPRAISAL DISTRICT; INDIVIDUALS WHO OWN C1
(VACANT LAND) OR F1 (COMMERCIAL REAL) PROPERTY WITHIN
TRAVIS COUNTY, TEXAS and THE STATE OF TEXAS,
Appellees.

ON APPEAL FROM THE 126TH DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NO. D-1-GN-15-003492

**SUR-REPLY OF APPELLEES TEXAS ASSOCIATION OF REALTORS,
LOWE'S HOME CENTERS, LLC AND H E DRISKILL, LLC**

JAMES E. POPP
State Bar No. 16139280
Jim.Popp@property-tax.com
MARK S. HUTCHESON
State Bar No. 00796805
Mark.Hutcheson@property-tax.com
DANIEL R. SMITH
State Bar No. 24013525
Daniel.Smith@property-tax.com

POPP HUTCHESON PLLC
1301 S. Mopac, Suite 430
Austin, Texas 78746
(512) 473-2661 - Telephone
(512) 479-8013 – Facsimile
COUNSEL FOR APPELLEES

**ARGUMENT**

Appellees Texas Association of Realtors, Lowe's Home Centers, LLC, and H E Driskill, LLC (collectively the "TAR Defendants") hereby file this sur-reply to address Part V of the reply filed by Appellant City of Austin (the "City"). (City's Reply at pp. 17-18).

The City cites *Neeley v. West Orange-Cove Consolidated Independent School District* for the general test for standing, *i.e.*, that there is (a) a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought. 176 S.W.3d 746, 773 (Tex. 2005); (City's Reply at pp. 17-18). The City contends that the issue of standing to bring its constitutional challenge is broader than the scope of the word "implement," and that it must have a remedy to challenge statutes that it deems "unconstitutional."

Citing the same general test for standing, *Harris County Emergency Services District No. 2 v. Harris County Appraisal District* made clear that, in order for a political subdivision to have standing, "the Texas Supreme Court has recognized that the subdivision must be charged with implementing a statute it believes violates the Texas Constitution." 132 S.W.3d 456, 461 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). As with the appraisal district challenging the open-space agricultural exemption in *Nootsie* and the municipality challenging the police officer disciplinary hearing statute in *Proctor*, the school districts in *Neeley*

implemented the school finance ad valorem tax rate setting and collection statutes that they were challenging. *Neeley* is consistent with the holding in *Harris County Emergency Services District* and does not support the City's position.

The City continues to bring the concept of "motive" into the analysis on standing. It attempts to distinguish *Harris County Emergency Services District* by characterizing the alleged injury in that case as "loss of revenue," as opposed to a requirement "to impose an unconstitutional tax."[1] The City's motive in bringing its constitutional challenge is irrelevant. The test is whether the City implements the statutes that it challenges. Because it does not, the City has no standing to challenge their constitutionality.

For the foregoing reasons and the reasons stated in the TAR Defendants' response, the TAR Defendants respectfully request that the Court affirm the trial court's dismissal of the City's lawsuit.

---

[1] The City's counsel argued a different motive to the trial court. At the summary judgment hearing on October 7, 2015, counsel for the City stated:

> Our constitutionality argument has to do with the fact that the appraisals and the process in general on how they are done really deprives the City of revenue, so to speak. Because there is unequal and uniform taxation, the City is not getting at the additional revenue that is being lost by these provisions.

(2 RR 49:12-18).

Respectfully Submitted,

POPP HUTCHESON PLLC
1301 S. Mopac, Suite 430
Austin, Texas 78746
(512) 473-2661 - Telephone
(512) 479-8013 – Facsimile


/s/ Daniel R. Smith
JAMES E. POPP
State Bar No. 16139280
Jim.Popp@property-tax.com
MARK S. HUTCHESON
State Bar No.  00796805
Mark.Hutcheson@property-tax.com
DANIEL R. SMITH
State Bar No. 24013525
Daniel.Smith@property-tax.com

ATTORNEYS FOR APPELLEES
TEXAS ASSOCIATION OF REALTORS,
LOWE'S HOME CENTERS, LLC, AND
H E DRISKILL, LLC

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document contains 4035 words, in compliance

with Rule 9,.4 of the Texas Rules of Appellate Procedure.

/s/ Daniel R. Smith
DANIEL R. SMITH

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing instrument has been served, on this the 20th day of June, 2016 to the following:

**Via E-Service**

| | |
|---|---|
| Andralee Cain Lloyd<br>Michael Siegel<br>City of Austin – Law Department<br>andralee.lloyd@austintxas.gov<br>michael.siegel@austintexas.gov<br>*Attorneys for Appellant The City of Austin* | Cynthia A. Morales<br>Attorney General's Office<br>Financial Litigation and Charitable Trusts Division<br>cynthia.morales@texasattorneygeneral.gov<br>*Attorney for Appellee State of Texas* |
| G. Todd Stewart<br>Tammy White-Chaffer<br>Deborah S. Cartwright<br>OLSON & OLSON, LLP<br>tstewart@olsonllp.com<br>tchaffer@olsonllp.com<br>dcartwright@olsonllp.com<br>*Attorneys for Appellee Travis County Appraisal District* | Lorri Michel<br>Raymond Gray<br>Shane Rogers<br>MICHEL GRAY LLP<br>lorri@michelgray.com<br>raymond@michelgray.com<br>shane@michelgray.com<br>*Attorneys for Homeowners Intervenors and Defendant Junkyard Dogs* |
| Bill Aleshire<br>Aleshire Law, PC<br>bill@aleshirelaw.com<br>*Attorneys for Appellee/Cross-Appellant Junk Yard Dogs* | Thomas Michel<br>Griffith, Jay & Michel, LLP<br>thomasm@lawgjm.com |

/s/ Daniel R. Smith
DANIEL R. SMITH

SUR-REPLY OF APPELLEES
CAUSE NO. 03-16-00038-CV                5